**People of the State of Illinois, Plaintiff-Appellee, v. Richard G. Brown, Defendant-Appellant.**

**Gen. No. 68–173.**

Second District.

November 24, 1969.

Ronald E. Griesheimer, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendant, Richard G. Brown, was tried by a jury and found guilty of reckless homicide. He has appealed to this Court, contending that he was denied his constitutional and statutory rights to a speedy trial.

The charge arose out of a motor vehicle accident, which occurred on May 28, 1967. The driver of the other car was fatally injured. At the time of the accident, Joseph Tenuth was a passenger in the defendant's car. The State's Attorney filed a complaint against the defendant on May 29, 1967, charging him with the crime of reckless homicide. The defendant appeared before the court on June 16, 1967, waived preliminary hearing and was bound over to the Grand Jury. At this time, the court set, and the defendant posted, bond. Several other charges against the defendant, which arose out of the same accident, were nolle prossed. The defendant was not then represented by counsel.

Apparently, the State's Attorney took no further action on the case until January 2, 1968, when he presented it to the Grand Jury, which, on that date, returned an indictment against the defendant for reckless homicide. The arraignment was continued until January 26, 1968, so that the public defender could appear on behalf of the defendant. On the latter date the defendant was represented by counsel for the first time. The defendant's counsel entered a plea of not guilty and demanded an immediate trial. On motion of the State's Attorney, the trial was set for March 25, 1968.

When the case was called for trial, the defendant moved for the dismissal of the indictment against him on the ground that the delay, between the time of the

99

filing of the criminal complaint against him and the presentation of the case to the Grand Jury, was prejudicial to him and constituted a denial of his right to a speedy trial. Specifically, he stated that during the delay, Joseph Tenuth, the passenger in his car, had changed his residence, and that thereafter he could not be located to testify on behalf of the defendant. The trial court held that the delay of six to seven months between the filing of the complaint and return of the indictment did not establish a sufficient basis for the quashing of the indictment.

The defendant contends that the delay in this case denied him the right to a speedy trial guaranteed by Section 9, Article II of the Illinois Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, and cites The People v. Love, 39 Ill2d 436, 441, 235 NE2d 819 (1968), in support of this contention.

■ The purpose of the constitutional guarantee to a speedy trial is threefold: (1), to prevent undue and oppressive incarceration before trial; (2), to minimize anxiety and concern accompanying public accusation; and (3), to limit the possibility that long delay will impair the ability of the accused to defend himself. Smith v. Hooey, 393 US 374, 21 L Ed2d 607, 611 (1969) ; United States v. Ewell, 383 US 116, 120, 15 L Ed2d 627, 630 (1966) ; The People v. Tetter, 42 Ill2d 569, 572, 250 NE2d 433 (1969).

■ ■ Consonant with this purpose, our Supreme Court has recognized that in determining whether one has been denied a speedy trial, the period commences from the time the complaint or other form of accusation is filed, and not from the time of arrest or incarceration. The People v. Love, supra, 442. Likewise, the court has rejected the contention that the constitutional guarantee to a speedy trial has no application until after a formal prosecution has commenced, and that prior thereto, any delay is governed exclusively by the statute of limita-

tions. The People v. Hryciuk, 36 Ill2d 500, 503, 224 NE2d 250 (1967).

The delay occasioned between the filing of the original complaint, the presentation of the case to the Grand Jury, and the resulting indictment, could constitute a denial of the defendant's constitutional right to a speedy trial. Whether it did, in fact, depends upon the circumstances of this particular case, and the application of the governing legal principles.

The United States Supreme Court in Ewell, supra, noted that because of the many procedural safeguards given an accused, the criminal proceeding is designed to move at a deliberate pace. A requirement of unreasonable speed could seriously affect both the rights of an accused and the ability of society to protect itself. The right to a speedy trial is necessarily relative; it is consistent with delays and depends upon the circumstances of the case. (383 US, p 120, 15 L Ed2d, p 631.)

In Ewell, the defendants originally were indicted in 1962 and pleaded guilty in connection with a narcotics charge. Subsequently, it was held in another case that the type of indictment, to which the defendants had pleaded, was defective. Their convictions were then vacated, and the defendants were immediately indicted in connection with the same narcotics sales but under a different statutory provision. The court held that under these circumstances, the delay of some 19 months, between the time of the arrest and the subsequent indictments, did not constitute a denial of their constitutional rights. The court observed that the subsequent indictments were brought well within the applicable statute of limitations, and that by the first indictments the defendants had been put on early notice that the government intended to prosecute them with respect to these particular sales of narcotics. It also noted that no witnesses were known to have disappeared and no evidence appeared to have been lost.

■ Our Supreme Court has indicated that the four factors to be given particular consideration in determining whether one has been denied the right to a speedy trial are: the length of delay; the reason for the delay; the prejudice to the defendant; and the defendant's waiver of the right. The People v. Tetter, supra, 573.

■ The length of the delay in this case, by itself, is not unduly long. It is well within the applicable statute of limitations. Ill Rev Stats 1967, c 38, § 3-5. This obviously is significant (The People v. Ewell, supra, 383 US, p 122, 15 L Ed2d, p 632), although not conclusive (The People v. Hryciuk, supra, 503). We are given no explanation or reason for the delay. It appears that the prosecution made no attempt to bring this matter before the Grand Jury until January of 1968, although the original complaint was filed in May of 1967. We can only presume that the delay was deliberate and intentional, and that the State's Attorney had elected to proceed with other matters which he considered to be more important.

In the trial court, the defendant argued that he was prejudiced by the delay in that he was no longer able to locate Joseph Tenuth as a witness. It appears from the abstract of record that the State's Attorney had last talked to Tenuth about the end of May, 1967. For all that appears, Tenuth might have been just as difficult for the defendant to locate had the Grand Jury indicted the defendant in July of 1967. The record does not indicate when Tenuth moved, but since he was a passenger in the defendant's car, it is apparent that he was an acquaintance of the defendant.

We do not believe that the delay could mislead the defendant into believing that no action would be taken against him by virtue of the death caused in the accident. A criminal complaint had been filed against him, and he was free on bond. It would seem that if he felt that

Tenuth's testimony was indispensable to him, he would have kept in touch with his acquaintance.

■■ We recognize that where a delay is deliberate, and it appears that some prejudice might have resulted therefrom, these factors suggest strongly the possibility of denial of due process to the defendant. Ross v. United States, 349 F2d 210 (US App DC 1965). The so-called prejudices here, however, if real, could have been avoided by the defendant by the exercise of diligence in keeping in touch with Tenuth. While the right to a speedy trial must be diligently safeguarded, it should serve as a shield for the defendant's protection, not as a sword for his escape. Also, we note that the defendant did not make a motion for a continuance.

■ Here we are dealing, not with an alleged denial of a trial within the prescribed time, but rather, with an alleged failure to indict within a reasonable time. The defendant cannot claim that he was unaware of the complaint against him. He appeared, waived preliminary hearing, and posted bond to secure his liberty pending the presentation of the matter to the Grand Jury. The circumstances of this case do not indicate an unreasonable delay in the presentation of the case to the Grand Jury. In addition, the case was tried within the statutory period.

We do not believe that the delay between the complaint against, and the indictment of, the defendant in the case at bar, violated his constitutional rights. He was not unduly or oppressively incarcerated; the record indicates no reason why indictment at an earlier date would have minimized the defendant's anxiety and concern accompanying public accusation; and, the delay, absent lack of due diligence on the part of the defendant in not keeping in touch with the witness, Tenuth, did not impair the defendant's ability to defend himself. In view

of our conclusions, we need not consider whether the defendant waived his right to a speedy trial, as guaranteed by the Illinois and United States Constitutions. Consequently, the judgment of the trial court should be affirmed.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.