People of the State of Illinois, Plaintiff-Appellee, v.
Clayton Robert Taylor, Defendant-Appellant.

Gen. No. 69–100.

Second District.

May 21, 1970.

John T. Beynon, Public Defender, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford (Rolland J. McFarland, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant, Clayton Robert Taylor, was tried before the court and found guilty of robbery. He has appealed contending that he was not tried within the 120-

day period required by statute (Ill Rev Stats 1967, c 38, par 103–5); and that his identification as the robber was so unsatisfactory as to raise a reasonable doubt and require a reversal of his conviction.

On August 5, 1968, the defendant was charged with the crime of armed robbery. He was indicted by the grand jury on October 17, and from August 8 he was represented by counsel of his own choice. At the arraignment on October 21, the case was set for trial on November 18, 1968; and on November 20, it was reset for November 25, 1968.

On the latter date, counsel for the defendant withdrew, the public defender was appointed, and the case was reset for trial on November 26, 1968. On November 26, the defendant moved for and obtained a continuance until December 2, 1968, in order to prepare for trial. On December 2, the defendant filed motion to dismiss, based upon the 120-day statute. This motion was denied, and he filed a motion for a bill of particulars. The case was then continued until December 9, when the defendant was orally furnished the information requested in his motion for a bill of particulars. At this time, he indicated that he would be able to furnish the State his list of alibi witnesses within ten days.

The case was again called on March 17, 1969. At that time the defendant made a second motion to dismiss, based upon the 120-day statute, which was denied. He then waived jury trial and the case was set for trial on March 31. Ultimately, it was heard by the court on April 2, 1969.

■ ■ The 120-day statute has been interpreted by our courts numerous times. Its purpose is to give practical effect to section 9 of the Bill of Rights, which secures to an accused in a criminal case a speedy public trial, but does not fix specific limitations. The People v. Stillman, 391 Ill 227, 228, 62 NE2d 698 (1945); The People v. Meisenhelter, 381 Ill 378, 385, 45 NE2d 678

432

(1943). The statute is tolled, however, if the defendant seeks and obtains a continuance, agrees to a continuance, or by his own actions causes a delay in the proceedings. The People v. Bagato, 27 Ill2d 165, 168, 188 NE2d 716 (1963); People v. Knox, 94 Ill App2d 36, 39, 236 NE2d 384 (1968); People v. Canada, 81 Ill App2d 220, 228, 229, 225 NE2d 639 (1967). The new 120-day period starts to run from the date the delay occurred, or to which the cause was continued. The People v. Hamby, 27 Ill2d 493, 495, 190 NE2d 289 (1963); The People v. Niemoth, 409 Ill 111, 116, 98 NE2d 733 (1951).

The 120-day period first commenced to run against the defendant on August 5, 1968. After a number of false starts, the matter was set for trial on November 26, 1968, which was within the 120-day period. On that date, the defendant sought and obtained a continuance until December 2, 1968, to enable him to prepare for trial. The reason for the continuance was the substitution of counsel and the understandable need for additional time to prepare, but the fact of this continuance, at his request, caused the statute to toll, and a new 120-day period commenced on December 2. The People v. Faulisi, 34 Ill2d 187, 191, 215 NE2d 276 (1966); People v. Prowse, 71 Ill App2d 465, 468, 469, 219 NE2d 1 (1966). The filing of the bill of particulars on the date set for trial, and the delay to December 9 necessitated thereby, again caused the statute to toll and caused another new 120-day period to commence to run as of December 9.

The matter was brought up again on March 17, 1969, on defendant's oral motion to dismiss, which was denied. The defendant at this time waived his right to a jury trial. This action took place within the 120 days from December 9, 1968. The petit jury was then in session and the waiver caused the case to be delayed and set for a later nonjury setting on March 31, 1969. While ordinarily the waiver of a jury would expedite rather than delay a trial, such was not true in the case at bar

since the setting was on the jury trial calendar and the nonjury calendar did not begin until a later date. Under these circumstances, the defendant's jury waiver again caused a delay of the trial date, which tolled the statute and caused the commencement of a new 120-day period. The People v. Fosdick, 36 Ill2d 524, 529, 530, 224 NE2d 242 (1967). The case ultimately was tried on April 2, 1969, which, however, was within the 120-day period from December 9, 1968.

The record in this case clearly indicates that the delays beyond the original 120-day period were occasioned because of the defendant's actions. One of the express exceptions to the 120-day statute, with reference to the requirement of a trial within such period, is the situation where the delay is occasioned by the defendant. Under the circumstances of this case, he has not been denied a speedy trial, nor has there been a failure to try the defendant within the time prescribed by statute. In construing this rule, courts will neither permit the State to evade the defendant's right to a speedy trial, nor permit the defendant to avoid prosecution by causing a delay in the proceeding.

The defendant suggests that the 120-day statute is tolled only for the period of time it takes to dispose of the matters causing the delay, and that the statute does not start to run anew. Thus, if 115 days have elapsed when the defendant causes a 10-day delay, the defendant must be tried within 5 days after such delay. However, all Illinois cases referring to this matter, including those cited above, hold to the contrary. When a case is otherwise ready for trial and the delay is caused by the defendant, the 120-day period starts anew from the date the delay occurred, or to which the cause has been continued.

In his reply brief, the defendant altered his theory and suggested that he was denied his constitutional

guarantee of a speedy trial, even if he was tried within the 120-day period of the statute. This argument was not urged in the original brief: it comes too late in the reply brief. The People v. 123 Punch Boards, 8 Ill2d 520, 521, 134 NE2d 763 (1956); Ill Rev Stats 1967, c 110A, par 341(g) (Supreme Court Rule 341(g)). The only argument presented by the defendant in his original brief was that the 120-day period did not start anew after a delay occasioned by him, but rather, that the statute was tolled only for the period of time required to dispose of the matter causing the delay; and that the defendant must be tried within such number of days as remained of the 120 days at the time when the defendant caused the delay. Such contention in the reply brief not only comes too late for our consideration, but also under the facts of this case, is without merit. People v. Brown, 117 Ill App2d 97, 253 NE2d 140 (1969).

As to the contention that the identification of the defendant was so unsatisfactory as to require reversal, we believe that the testimony was adequate to sustain the trial court's judgment. The victim, Dearle Turk, had gone to a steak house late in the evening. He was intoxicated and displayed a large roll of bills. Shortly after Turk arrived at the restaurant, the defendant came in and sat with him. He was identified as the man who sat with Turk by both the waitress and her husband, and was also identified by them in court. The waitress's husband testified that the defendant left the restaurant first; that from the front window he watched the defendant get into his car; that later he saw Turk leave the restaurant and saw the defendant pick him up at the front of the restaurant. He was able to recognize and identify the defendant and his car.

Turk testified that it was the defendant who picked him up allegedly to give him help in locating his car; and

that the defendant then drove into an alley and robbed him.

■ ■ We do not find the identification of the defendant so vague, doubtful or uncertain as to leave a reasonable doubt. The waitress and her husband identified him as having been in the restaurant with Turk, and the waitress's husband identified the defendant as the person who picked up Turk in front of the restaurant. They also identified him in court, and the waitress's husband, on the evening of the crime, picked the defendant out of a series of photographs. Turk identified the defendant in court as the perpetrator of the crime. While he was intoxicated at the time he was robbed, apparently he spent sufficient time with the defendant to be able to recognize him. The testimony of the other witnesses lends credence to Turk's identification of the defendant as the one who robbed him. The method or manner of identification is a matter which goes to the weight of the identification evidence, rather than its admissibility or competency. The People v. Tunstall, 17 Ill2d 160, 163, 164, 161 NE2d 300 (1959).

■ ■ In weighing such evidence, the attendant circumstances, including the probability of adequate opportunity for a definite identification, are to be considered; a single identifying witness may be sufficient to sustain a conviction. The People v. Ikerd, 26 Ill2d 573, 579, 188 NE2d 12 (1963). The State's case did not rest solely on circumstantial evidence. The identification evidence was substantial. It was for the court to determine its credibility, and where the evidence was conflicting, as in the case at bar, we will not substitute our judgment for that of the trial court unless the trial court's finding was palpably contrary to the weight of the evidence, or the evidence was so unreasonable, improbable or unsatisfactory as to justify a reversal. People v. Stangeland, 76

Ill App2d 77, 81, 220 NE2d 748 (1966). Such was not the circumstance in this case, and the judgment of the trial court must be affirmed.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.