THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES HAROLD ROSS, Defendant-Appellee.

(No. 11330; )

Fourth District—June 24, 1971.

Richard A. Hollis, State's Attorney, of Springfield, (Arthur Inman, Assistant State's Attorney, of counsel,) for the People.

James Harold Ross, *pro se,* and Joseph Cavanagh, of Springfield, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the State from an order entered on March 24, 1970, discharging the defendant for failure to afford him a speedy trial within 160 days of his written demand for trial. The order finds that 160 days has elapsed since the filing of the demand, but makes no finding as to whether the delay was or was not occasioned by the defendant nor are any of the remaining exceptions excusing trial within 160 days as set out in Ill. Rev. Stat. 1969, ch. 38, par. 103—5, recited in the order or shown by this record. In our judgment, the order discharging the defendant was improvidently entered.

On September 10, the defendant filed a pretrial motion for discovery which is four pages in length and covers multitudinous items as well as a demand for a written bill of particulars. At the close of this document, it is stated: "Defendant hereby makes his demand for a speedy jury trial

of the above captioned cause". On the same day, he filed a motion to suppress "any and all evidence in this cause searched for and seized without a search warrant * * *" in a search of his person and automobile on July 19, 1969. So far as this record shows both the People and the defendant became supinely somnolescent until March 6 when the chief judge on his own motion set the case for trial. On March 9, the defendant then filed his motion for discharge which the trial court allowed. The People readily concede that there are some items requested in the motion for discovery which are statutorily required. Paragraphs 5, 6, 7, 9, 10, 12, 14, 16 and 17 cover a comprehensive pretrial discovery of the People's case in a manner not specifically authorized by statute and apparently based on this court's majority opinion in *People v. Crawford*, 114 Ill.App.2d 230, 252 N.E.2d 483. That case is still pending before the Supreme Court on appeal but for our purposes in this case is accepted as final.

In that case, the majority opinion at p. 237 appropriately observed:
"* * * necessarily issues will arise in the circuit court as to the specifics of items discoverable. Such issues must be resolved in the trial court and resolution of those issues must be determined upon a case-by-case and indeed possibly upon an item-by-item basis."

The cause was reversed and remanded to the circuit court for that purpose. Patently *Crawford* contained a caveat that some delay could occur in proper preparation for trial when such a motion was filed. The issue before us is whether the burden is upon the People or the defendant to call up such a motion for hearing.

Paraphrasing the language in *People v. Johnson*, 45 Ill.2d 38, 257 N.E.2d 3, the filing by the defendant of the motion for discovery, bill of particulars and motion to suppress was an election by the defendant "to determine on the basis of what would better ensure him a fair trial, and, having chosen to proceed, his present argument is nothing more than technical obfuscation". Defendant well knew under the majority opinion in *Crawford* that there were legal and factual questions which would have to be determined by the court with some necessarily inherent delay. He initiated them by the type of motions he filed. Likewise the defendant knew or should have known that the court was open and available to determine those issues during the entire period of time. He planted the seed and then retired to the shade with a hoe over his shoulder and permitted the weeds to grow in the garden. His quiescence amounted to an acquiescence to a delay in having this case in readiness for trial. *People v. Jones*, 33 Ill.2d 357, 211 N.E.2d 261, states that the burden is on the defendant to affirmatively show his right to a discharge.

In *People v. Clark*, 104 Ill.App.2d 12, 244 N.E.2d 842, the Third

District Appellate Court noted that the defendant's motion for a bill of particulars was never called for hearing. The court then held that even though the defendant withdrew the motion and proceeded to trial the filing of the motion for bill of particulars constituted a delay occasioned by the defendant. In *People v. Taylor*, 123 Ill.App.2d 430, 258 N.E.2d 823, the Second District Appellate Court held that after demand for bill of particulars the time began to run anew when the bill of particulars was filed by the People and that the intervening delay constituted a delay occasioned by the defendant. In the instant case, it appears to us that the defendant either wanted the information contained in the motion for discovery or he wanted a speedy trial. In *Clark*, even though the defendant withdrew his motion and proceeded, it was still a delay occasioned by the defendant. And so it is here. Defendant's motions are mutually exclusive as to time—that is, the motion for speedy trial by definition has a 160-day terminal point, the other, by definition, again, none at all, and that being so, he can have either one or the other, but not both at the same time. A ready method of shortening compliance by the State with his motions was within the power of the defendant and by not using it, he delayed the beginning of the countdown for a speedy trial.

■■ Even if it may be said that it is either the responsibility of the court or of the State's Attorney to set the discovery motion for hearing if issues of a fact are involved, it does not follow from such a conclusion that a like result obtains where a motion to suppress evidence illegally seized is involved. Under the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 114—12(b), "the motion shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were unlawful shall be on the defendant." If the motion to suppress had any factual or legal basis, the duty of affirmatively establishing that fact is squarely on the defendant by the statute. So long as he did not establish that fact, he could not, as he says, properly have a fair trial. Either the defendant should have set the motion for hearing or withdrawn it and if he withdrew it, then under *Clark* the time nevertheless begins from the time that he withdrew the motion.

■■ Both motions were coupled with a demand for a speedy trial. It is transparently clear that if the defendant really wanted a speedy trial he could have likewise requested a speedy disposition of his motion for discovery and of his motion to suppress evidence. We have no way of determining just how long it would have required to have properly disposed of these motions on the request of someone. The right to discovery

and the right to suppress evidence are or may be necessary to a fair trial. Allowance of a motion to suppress is appealable by the State and thus possible delay is inherent in such a motion when filed. Defendant may need both discovery and evidence suppressed to have a fair trial. "But fairness and justice are not a one-way street. Society is likewise entitled to a fair administration of justice and the measure of right and wrong must always be that which is fair, not that which is technically astute or contrived". (*People v. Johnson*, 45 Ill.2d 38, 257 N.E.2d 3.) A defendant on bond is a member of society. His right to a speedy trial may be waived by conduct on his part which precludes a speedy trial. Such is the case here. By no stretch of the imagination is the responsibility for a speedy trial the sole responsibility of either the State or the court. This case was patently not ready for trial when allotted for trial. The trial court should not have discharged this defendant without.disposing of the pending motions. The trial court should not have discharged the defendant on this record. Accordingly, this cause is reversed and remanded with directions to proceed in a manner not inconsistent with the views expressed in this opinion.

Reversed and remanded.

TRAPP and CRAVEN, JJ., concur.