THE PEOPLE OF THE STATE OF ILLINOIS, Plantiff-Appellee, *v.* JOHN THOMAS, Defendant-Appellant.

(No. 73-15;

Third District—January 31, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (F. Stewart Merdian, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Rock Island County finding defendant guilty of armed robbery.

On appeal in this court defendant raises three issues: (1) that the trial court erred by refusing to discharge the defendant who had been incarcerated for over 120 days without coming to trial; (2) that the trial court erred in permitting the jury, over objection, to hear identification testimony which was inadmissible hearsay; and (3) that the trial court erred in permitting the prosecutor to argue before the jury, over objection, that he could have called more witnesses who could have supported his case.

The record discloses that on June 28, 1972, defendant John Thomas was arrested in connection with an armed robbery which had occurred the previous December. Defendant was brought to trial on November 2, 1972, and was found guilty. As we have indicated he was sentenced on such conviction. It appears that he had been returned to Rock Island on

July 3, 1972, was indicted on July 12, 1972, and was arraigned on July 14, 1972. On July 14, 1972, he appeared without his attorney for the arraignment and was ruled to plead or have his attorney file motions by July 27. There was no compliance with the court's order.

On September 29, the jury trial list was filed which noticed up the case for trial on October 10, well within the 120-day limit. Three days later, on October 2, private counsel, who had represented defendant, withdrew, presumably because defendant could not pay him. On the same day, at defendant's request, the public defender was appointed to represent defendant. For the second time he was ruled to plead or file motions by October 16. On October 4, the public defender filed a 14-point discovery motion, a motion for a list of witnesses, production of confessions, and also demanding "immediate" trial. On October 5 an order was entered granting defendant's motion for the list of witnesses and production of confessions. On the same day the People noticed for hearing defendant's motion for discovery before trial. On October 6, the People filed a motion for pretrial discovery and noticed their motion for hearing together with defendant's motion for discovery before trial for 6 days later. On October 12, the defendant's motion for discovery before trial was allowed, and the People were given 1 week to answer the motion. On the same day, the public defender filed defendant's answer to the People's motion for pretrial discovery. On October 18, the People filed their answer to defendant's motion for a list of witnesses and to produce confessions as well as defendant's motion for discovery before trial. On Friday, October 27, the People filed additional answers to defendant's motion for discovery before trial. On the same date, defense counsel filed a petition for discharge of defendant contending that it was the 121st day of defendant's incarceration. On October 30, a hearing was had on defendant's motion and, after considering the record, the trial court denied the motion and the attorneys were ordered to prepare the case for trial on November 1. On November 1, 96 days after defendant had originally been ordered to plead, he entered his plea of not guilty. He had originally been ordered to plead by July 27. The jury trial was commenced on November 1, and on November 2, defendant was found guilty by the jury.

In passing upon the petition for discharge, the trial court found that there had been a delay occasioned by defendant as a result of substitution of counsel and further delay necessitated by filing and answering defendant's extensive discovery motions. There was a further observation by the trial court, when the issue was raised again in defendant's post-trial motion, that after the trial list was served on defendant's at-

torney he withdrew from the case and thereby necessitated the appointment of the public defender, which prevented a trial of defendant at the original designated time on the trial list of October 10.

▪▪▪ It is clear that the motion to discharge was filed on the 121st day after defendant's original arrest and that the trial was commenced on the 126th day from the date appellant was taken into custody. The basic inquiry was whether there was delay attributable to defendant.

It is provided in section 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a)) that:

> "Every person in custody in this State for an alleged offense shall be tried * * * within 120 days from the date he was taken into custody unless delay is occasioned by the defendant."

As indicated in *People v. Scott*, 13 Ill.App.3d 620, 630, 301 N.E.2d 118, in interpreting *People v. Nunnery*, 54 Ill.2d 372, a discovery motion which the State could answer quickly would cause little or no delay. Whether a motion falls into the category of one which would cause little delay or much delay calls for the trial court's appraisal of the motion, its need, timeliness and complexity. It calls for the court's appraisal of the State's ability to answer the motion immediately or the merit of the State's reasons for not doing so. The interpretation of the motion and of the availability of the required information, the reasonable time needed to answer and whether the proposed objections are genuine or dilatory should rest in the judgment of the trial court, and its decision as to accountability for the ensuing delay, if there is one, should be sustained on appeal unless it is clearly shown that the court's discretion was abused. The same considerations obtain as to other factors which may contribute to delay, such as a change of counsel by defendant at a time when the case is set on the trial calendar. On the basis of the record before us, we do not believe that the trial court clearly abused its discretion in finding that the delay of only a 6-day period before trial commenced in this cause was attributable to defendant. Delays attributable to a defendant cover a number of situations roughly parallel with those we have in the cause before us. (*People v. Hairston*, 46 Ill.2d 348 (trial counsel not with defendant on the 120th day); *People v. Jenkins*, 101 Ill.App.2d 414 (request for new attorney and the attorney's request for a psychiatric examination); *People v. Behning*, 130 Ill.App.2d 536 (substitution of attorney); *People v. Denham*, 33 Ill.2d 599 (where private counsel was retained until the 120-day period nearly expired and then obtained appointed counsel).) The motion to discharge was properly denied.

▪▪ The case against appellant was based upon discovery of coins taken in the robbery still in the wrappings in possession of defendant; on the

in-court identification of defendant by three eyewitnesses; and on the testimony of Powell, the police investigator. Defendant presented no evidence. It is contended that the trial court erred when it permitted witness Powell to testify, over objection, that defendant was arrested on the basis of information given to Powell by Williamson and an unnamed informant. Powell is a police investigator. The State asserts that defendant has waived this issue. Defendant did not raise the issue in the trial court or even in the post-trial motion. Williamson was a confederate in the armed robbery. He pleaded guilty. Since the issue was not raised in the post-trial motion it cannot now be raised on appeal. (See *People v. DeMarco*, 44 Ill.App.2d 459, 195 N.E.2d 213, 216.) The statement was properly admitted, in any event, as testimony of the witness to the effect that another person made an extra-judicial statement, where the purpose is not to show the truth of such statement but to show the reason why the witness followed the course of conduct which he did and the fact that he relied and acted upon the information so received. Such statement was not objectionable on the ground that it was hearsay. (Clearly, Handbook of Illinois Evidence § 17.4, at 275 (2d ed. 1963); Hunter, Trial Handbook for Illinois Lawyers §§ 65.3 and 66.1, at 604 and 607) (4th ed. 1972). Powell did not testify as to what was said in the third-party conversation, as it pertained to defendant, but rather he testified that such statements as were made to him were the basis of his investigation that led to defendant's arrest.

A final point is made that in his closing argumment, the prosecutor made reference to the testimony of certain persons who did not appear at the trial. He claimed he could have paraded witnesses before the jury which could have substantiated the reliability of identification witnesses. Defense made no objection, at least as concerns the statement that there were two unavailable persons who could support the conviction, at the time the argument was made.

■■■ Where a prosecutor asserts to a jury a fact not in evidence which is prejudicial to the defendant it could be reversible error (*Fox v. People*, 95 Ill. 71; *People v. Bond*, 291 Ill. 74). In a trial where the evidence is highly conflicting, a defendant would be entitled to a new trial on the basis of such statement by the prosecutor in final argument. Where no objection is made to the assertion of facts not in the record and where defendant otherwise received a fair trial and the evidence of guilt is substantial, however, the error should not cause reversal. (*People v. Oparka*, 85 Ill.App.2d 33.) In the cause before us, the evidence against the defendant was substantial. Three persons identified the defendant as the offender. Some of the coins were found with defendant's personal property. No objection was made during the closing argument. While the

references made by the prosecutor were improper, we do not believe that the error is such as to require reversal of this cause in view of the evidence otherwise presented and since there was no objection made.

Judgment of the Circuit Court of Rock Island County is, therefore, affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.