THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN R. SNYDER, Defendant-Appellee.

(No. 12938;

Fourth District—October 30, 1975.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Wright, Young & Wright, of Danville, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant was indicted for involuntary manslaughter. He was free on bond. The trial court discharged defendant because of the State's failure to bring him to trial within 160 days of his demand for speedy trial. The State appeals, contending that the discharge was improper. We affirm.

Defendant was indicted September 17, 1973. He filed for discovery and the State answered. Thereafter the State twice requested continuances because of circumstances which made the State's Attorney assigned to the case unavailable for trial. At the argument on the second motion for continuance on December 14, 1973, the defendant's counsel made an oral request for speedy trial and this demand was entered on the trial court's docket sheet. The assistant State's Attorney denied that he heard or knew that demand had been made.

In November, 1973, the defendant had filed four motions to suppress evidence. All revolved around the issue of whether the search of defendant's home was illegal.

After the December 14, 1973, hearing, neither the State nor the defendant did anything for over five months. On May 27, 1974, the State sent a notice for trial setting for the end of June. On May 28, 1974, the defendant filed a motion for discharge. It was granted September 26, 1974.

The State first argues that the demand for speedy trial was not made with sufficient formality.

■■ An oral demand has always been sufficient. The only requirement is that the demand be presented so that it is preserved in the record. (*People v. Rockett*, 85 Ill.App.2d 24, 228 N.E.2d 219.) Here the demand is clearly preserved on the docket of the case. The State argues that a written motion should be required since then the question of whether a demand had been made would be crystal clear and the burden on defendant would be slight. These are persuasive arguments, but the proper place to present them is to the legislature. The statute (Ill. Rev. Stat. 1973, ch. 38, § 103—5(b)) as it now exists contains no requirement for a written motion.

In the alternative the State argues that the statutory period of 160 days never started running because the defendant had motions to suppress pending. They contend that outstanding motions automatically toll the statute. The People cite our decision in *People v. Ross*, 132 Ill.App.2d

1095, 271 N.E.2d 100, as support. We do not believe that that decision stands for such a proposition.

■■ *Ross* did not establish a per se rule that a pending motion or motions on behalf of a defendant occasion delay attributable to the defendant as a matter of law within the purview of the statute. The defendant here, in contrast to *Ross*, did not simply file motions coupled with contemporaneous demand for speedy trial. Defendant here did not simply plant the seed and then retire to the shade. (*People v. Ross*, 132 Ill. App.2d 1095, 1096, 271 N.E.2d 100, 101.) Defendant's conduct here was consistent. He vigorously opposed each of the State's motions for continuance, which were granted over his objection. The factual circumstances here, in contrast to *Ross*, amply support the specific finding of the trial judge that the delay here was attributable to the State, and not to the defendant. It is the trial judge who is in an unexcelled position to attribute the delay to one party or another.

For the reasons stated above, the order of the circuit court of Vermilion County is affirmed.

Judgment affirmed.

TRAPP and GREEN, JJ., concur.