THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LARRY ARCH, Defendant-Appellee.

(No. 74-63;

Third District—November 10, 1975.

LaMarr Evans, State's Attorney, of Oquawka, for the People.

Hottle and Spears, of Monmouth, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant was charged by indictment with theft of property valued in excess of $150. He filed a motion for discharge for the State's failure to comply with his right to a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, § 103—5). The trial court granted defendant's motion and discharged him. From that order this appeal is taken.

The issue presented by this appeal is whether the 160-day rule of section 103—5(b) of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, § 103—5(b)) will allow defendant to avoid this prosecution. That section of the statute in pertinent part provides, "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant * * *."

The defendant was charged by information with the felony of theft. He was arrested pursuant to a warrant on February 26, 1973, and committed to the county jail. Both the defendant and his attorney appeared in court for a preliminary hearing on March 1, 1973. The court found probable cause and bound defendant over to the grand jury. At the same court appearance on March 1, 1973, defendant filed a written motion demanding a speedy trial, a discovery motion and had bail reduced. The next day, on March 2, 1973, defendant was released after posting bail.* Because defendant did not remain in custody the 120-day rule of section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, § 103—5(a)) is not applicable. After the grand jury returned an indictment for theft, defendant pled not guilty and demanded a jury trial. The trial court placed the case on the next jury calendar for felonies which occurs in Henderson County only twice yearly.

---

* The bond indicates the date as March 2, the minute entry as March 5.

■■ Because defendant was not out on bail but was technically still in custody on March 1, 1973, when he made a demand for a speedy trial, the State argues that the 160-day statutory period never commenced. The case of *People v. Byrn*, 3 Ill.App.3d 362, 274 N.E.2d 186 (1971), is cited to support that argument. In that case, a murder case, the Fifth District Appellate Court decided that demand made while a person is still in custody will not be sufficient to start the 160-day period running. That court refused to construe defendant's demand for a speedy trial, made while he was not out on bail or recognizance, as a continuing one. We cannot find any compelling reasons to follow the same reasoning in the present case. In *Byrn* the demand appears to have been an unpreserved oral one. In the instant case it was a written demand and properly preserved for purposes of review. The demand made by defendant, Arch, gave actual notice to the prosecution that he insisted on his right to a speedy trial. Following his written demand he was released on bail the very next day. It would be unnecessarily repetitious to require that defendant repeat and renew his demand when the State had already been put on notice by defendant's written demand a day earlier. The facts in the present case distinguish it from *Byrn*. In view of the fact that the 120-day period started running automatically when defendant was retained in custody, the only reason for him to make a formal demand for speedy trial, contemporaneously with having bond reduced, was to start the 160-day period running. For those reasons we find the defendant's demand was a continuing one and was sufficient to commence the running of the 160-day period.

■■ Even though defendant's demand for speedy trial was sufficient, several delays occasioned by the defendant tolled the running of the 160-day statute. Simultaneously with his written demand for a speedy trial defendant filed a discovery motion, which was heard. He subsequently filed three more dilatory type discovery motions which the State was ultimately required to answer by May 4, 1973. We view these latter actions as causing a delay in the trial, which tolled the running of the 160-day period.* The delay caused by defendant in this case is similar to that in *People v. Thomas*, 25 Ill.App.3d 88, 322 N.E.2d 597 (1975), *People v. Johnson*, 45 Ill.2d 38, 257 N.E.2d 3 (1970), *People v. Hamby*, 27 Ill.2d 493, 190 N.E.2d 289 (1963), *People v. Jones*, 130 Ill.App.2d 769, 266 N.E.2d 411 (1971), and *People v. Ross*, 132 Ill.App.2d 1095, 271 N.E.2d 100 (1971). Further, applying the holding of the Illinois Supreme Court in the recent case of *People v. Lewis*, 60 Ill.2d 152, 330 N.E.2d

---

* In this connection it should be noted that in *Byrn* two defense motions, one to dismiss the indictment and one for discovery, were never set for hearing.

857 (1975), the 160-day period began running anew on May 4, 1973, more than 160 days passed thereafter and defendant's trial was not set until January 7, 1974.

The State contends that the defendant agreed to an indefinite continuance on August 22, 1973, which would further toll the running of the statutory time period. We are referred to the case of *People v. Siglar,* 49 Ill.2d 491, 274 N.E.2d 65 (1971), which is clearly distinguishable from the present case. In *Siglar* the defendant *requested* a continuance. The record in the instant case suggests no similar request was made by defendant. No abstract was filed and we have very few facts before us on review. The State's contention that the defendant agreed to a continuance on August 22, 1973, is unsupported by the absence of documentation in the record. We find in a minute entry to the clerk's docket contained in the common law record a statement that on August 22, 1973, the defendant was present in court with his attorney, acknowledged receipt of a copy of the indictment, pled not guilty and demanded a jury trial, with following notation, *"Case continued generally for a jury trial."* (Emphasis added.)

■■ The decision of the trial court "as to accountability for the ensuing delay, if there is one, should be sustained on appeal unless it is clearly shown that the court's discretion was abused." (*People v. Thomas.*) We do not believe the trial court abused its discretion for discharging defendant for the State's failure to comply with section 103—5(b) (Ill. Rev. Stat., ch. 38, § 103—5(b)) and thereby deciding that the defendant did not consent to the general indefinite continuance granted on August 22, 1973. See *People v. Moore,* 26 Ill.App.3d 282, 325 N.E.2d 33 (1975), and *People v. Uryasz,* 32 Ill.App.3d 825, 336 N.E.2d 813 (1975).

For the foregoing reasons the order of the Circuit Court of Henderson County discharging defendant, Larry Arch, is affirmed.

Affirmed.

STOUDER and ALLOY, JJ., concur.