THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
STEVEN FERGUSON, Defendant-Appellee.

Third District   No. 76-74

Opinion filed March 30, 1977.

John D. Sloan, State's Attorney, of Aledo (John X. Breslin and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Dwight D. Shoemaker, of Aledo, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the State from a judgment of the circuit court of Mercer County granting defendant's motion for discharge after the State had failed to bring defendant, Steven Ferguson, to trial within 160 days from the date of defendant's arrest.

The record discloses that on June 6, 1975 a complaint was filed charging defendant with "Felony Criminal Damage to Property" and a summons was issued. On June 24, 1975, defendant entered his appearance and filed a discovery motion which included a demand for a speedy trial. Such a demand commenced the running of the 160-day time period provided in section 103—5(b) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).) Upon a finding of probable cause, after a preliminary hearing on July 2, 1975, the defendant was bound over for grand jury proceedings and the defendant posted bond. An indictment was returned by the grand jury and forwarded to the trial court later in July. However, the presiding judge refused to receive the indictment because the State's Attorney had allowed an unsworn person to be present during the deliberations of the grand jury.

Public Act 79-671 became effective on October 1, 1975, amending section 111—2(a) of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 111—2(a)) and authorized the commencement of felony prosecutions either by information if a preliminary hearing is held or by indictment. (5 Ill. Leg. Serv. 1066 (1975).) Pursuant to the new act, on October 3, 1975, defendant was charged by information with the same crime as was the subject of the earlier defective indictment and notice was given defendant that an arraignment on the information would be held on October 15, 1975.

At the arraignment defendant's counsel filed a motion to quash the

arraignment, contending that defendant had a right to a grand jury unless waived in open court, since the information charged defendant with an act committed on May 17, 1975, and the statute then in effect required the State to obtain an indictment in all felony cases. In essence, defendant's motion asserted that the right to a grand jury was a substantive right which existed both on the date of the offense and the date of arrest. As such, the State could not proceed by use of an information for to do so would constitute an imposition of an *ex post facto* law in contravention of the Federal Constitution.

When defense counsel presented his motion, the following exchange took place:

"Court: Well, this procedure and the arrest took place prior to October 1st. Preliminary hearing took place on July 2nd. I don't know what the answer may be, I think that at this point [it is] a procedural matter but if you want to risk the matter on appeal and possible contrary determination, Mr. Sloan [State's Attorney]?

State's Attorney: The State would be willing to risk that matter on appeal, of course I don't know if these brief comments are considered the hearing on this Motion, or whether or not the Court intends to rule on this Motion today. The State would like the opportunity for a full hearing on this Motion and a ruling by the Court.

Court: Alright, I think then because I don't * * * I'm not prepared to rule at this time, so your Motion to Quash will be continued to a date certain. What date do you have in mind?

State's Attorney: Could we do that relatively soon, next week or so?

Defense Counsel: Next Wednesday?

State's Attorney: Would that be agreeable with the Court?

Court: Sure."

A hearing on the motion to quash was held on October 22, 1975 and the court denied the motion. After the defendant had been arraigned and entered a not guilty plea, the court offered to call the jury on December 1, 1975, but the State's Attorney informed the court that he would be on vacation during that week and the trial was set for December 15, 1975. Answers to discovery were filed on December 10, 1975. On December 11, 1975, defendant filed a petition for discharge contending that he had demanded a speedy trial on June 24, 1975, and more than 160 days had passed without a trial. At a hearing on defendant's petition on December 12, 1975, the trial court ruled against defendant, believing that it was bound by *People v. Byrn*, 3 Ill. App. 3d 362, 274 N.E.2d 186. A further hearing was held on December 15, 1975, after the trial court was informed of the decision in *People v. Arch*, 33 Ill. App. 3d 331, 337 N.E.2d 221.

(*Arch and Byrn* are both concerned with when the 160-day time period begins to run. No question is raised on this appeal of when the 160-day period began to run.) The court decided to follow *Arch* and took the matter under advisement. On December 22, 1975, the trial court reversed its ruling because of *Arch* and discharged the defendant.

Of singular importance on this appeal is whether or not the defendant's motion to quash occasioned a delay which would toll the running of the statutory 160-day period provided in section 103—5(b) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).) A delay occasioned by the defendant would start the 160-day period of the statute running anew and defendant would not be entitled to discharge. The State contends the motion caused an actual delay of seven days for which defendant is accountable, both by virtue of the nature of the motion itself and defendant's counsel asking for a hearing on the matter at a later date. Defendant replies that the motion was precipitated by the action of the State in conducting a defective indictment proceeding and then waiting to charge defendant by information under the new law. Any delay caused was therefore attributable to the State. Defendant also contends that the seven-day period between presentation of the motion and the hearing on the motion, was created by the insistence of the State's Attorney for a full hearing at a later date and should not be charged to defendant.

■■ We have examined the cases in this area and do not find the establishment of any *per se* ruling stating that a delay is automatically created by the party filing a motion and is attributable to him. A delay in fact must occur as a direct consequence of the defendant's actions for the defendant to be chargeable. (*People v. Gulick*, 7 Ill. App. 3d 427, 287 N.E.2d 727.) This court in *People v. Thomas*, 25 Ill. App. 3d 88, 322 N.E.2d 597, announced several factors to be considered by a trial court in determining if any delay had been caused by a defendant's motion and if so, to whom was the delay attributable. When deciding if delay has been caused, the trial court must appraise the need, timeliness, and complexity of the motion. In *Thomas* we said:

> "The interpretation of the motion and of the availability of the required information, the reasonable time needed to answer and whether the proposed objections are genuine or dilatory should rest in the judgment of the trial court, and its decision as to accountability for the ensuing delay, if there is one, should be sustained on appeal unless it is clearly shown that the court's discretion was abused." 25 Ill. App. 3d 88, 91, 322 N.E.2d 597, 599.

■■ Defendant's motion to quash was appropriate to test whether the State's use of the newly enacted law allowing charge by information was the application of an *ex post facto* law. Illinois law had never been faced

with the precise legal question raised by defendant's motion and defense counsel quite correctly brought it before the trial court for decision. That the motion was filed less than two weeks after the information was filed by the State's Attorney, demonstrates its timely character. The motion is not particularly complex and calls only for the trial court's determination whether under Illinois law the right to an indictment by grand jury for a felony is substantive or procedural. The trial court's spontaneous reaction was that the right was procedural only, the same determination made at the hearing a week later. After failing to properly indict defendant in the grand jury proceedings, the State elected to wait for over two months until the effective date of Public Act 79-671 to charge defendant by information. If the State was sufficiently confident the defendant could properly be charged by information, that they were willing to intentionally wait for over two months until the effective date of the new law to charge defendant, can it be doubted that they were well versed in the legal precedents supporting their position. The State therefore could have answered the motion without significant delay. But that they chose otherwise can not be charged against defendant. The motion was genuine and not dilatory, in that the motion was not calculated to cause delay, but to raise a challenge to a valid and significant question of law.

■■ It is clear from the extent of the written memorandum of the trial court that all these factors were carefully considered. It also appears from the record that the trial court was familiar with the *Thomas* decision prior to reaching its final determination. The accountability for the ensuing delay, if there is one, rests in the judgment of the trial court and its decision should be sustained on appeal unless it is clearly shown that the court's discretion was abused. (*People v. Thomas*, 25 Ill. App. 3d 88, 322 N.E.2d 597; *People v. Scott*, 13 Ill. App. 3d 620, 301 N.E.2d 118.) The record before us clearly shows that the trial court did not abuse its discretion in deciding that there had been no delay which could fairly be attributable to the defendant.

The State argues that because the defendant acquiesced in the State's request for a full hearing on defendant's motion, defendant is chargeable with a delay of the seven days between the presentation of the motion and the hearing. From the discussions between the court, the State's Attorney, and defense counsel, as previously set forth, we fail to see how defense counsel's statement can cause the seven day period to be attributable to defendant. When a court has already indicated acceptance of a State's request for a full hearing at a later date, the defendant cannot be charged with delay. Nor do we find significance in defense counsel's failure to protest the setting of the hearing on the motion at a later date, since protest after the court has indicated acceptance of the State's request would have been a futile gesture.

The theory expressed in the statutory exception, that delays attributable to defendant will toll the running of the statutory period, is premised on the rationale that certain conduct by the defendant is inconsistent with his demand for a speedy trial and the defendant has therefore waived his statutory right to trial within the prescribed time. Within the unusual circumstances of this case, there is nothing inconsistent between defendant's motion to quash and his demand for a speedy trial.

For the foregoing reasons the judgment of the circuit court of Mercer County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.