THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES MARTIN PUYEAR, Defendant-Appellee.

Fourth District   No. 13902

Opinion filed May 2, 1977.

Paul R. Welch, State's Attorney, of Bloomington (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Pritzker and Glass, Ltd., of Chicago (Michael L. Pritzker, Marvin Jay Glass, and David M. Schneider, of counsel), for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Defendant James Martin Puyear was charged by indictment in the Circuit Court of McLean County with armed robbery. He was incarcerated pending trial. Upon his motion for discharge under the 120-day provision of section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5), the court ordered that he be discharged. The State appeals contending that defendant occasioned

delay tolling the 120-day period by moving to suppress evidence and by waiving jury trial.

Defendant's motion for discharge was filed on March 16, 1976. November 17, 1975, was the 120 day prior to the date of filing. Defendant had been incarcerated on the instant charge since at least September 16, 1975. The case was originally set for jury trial on November 3, 1975. At a pretrial conference on October 28, 1975, defendant waived his right to a jury trial, and the case was removed from the jury calendar. At that conference, defendant was given leave to file a motion to suppress within 7 days. Such a motion was prepared by defense counsel and a copy received by the State's attorney on November 5, 1975, but the motion was apparently not actually filed with the clerk of the court until December 8, 1975. Subsequently, defendant gave notice to the State of a setting of the motion to suppress, a motion by defendant for discharge and the bench trial for December 22, 1975. Some evidence on the motion for discharge was heard on December 22, 1975, but, at the request of the State, other matters were not heard then. On December 29, 1975, the hearing on the motion for discharge was resumed. That motion was denied. The motion to suppress was then heard and denied. The bench trial was not held that day because the State was unwilling to subpoena witnesses for trial until the ruling on the motions had been made. No subsequent occurrences bear upon the court's ruling on the March 16, 1976, motion for discharge.

The State's principal claim of error is that the filing of the motion to suppress on December 8, 1975, caused delay which tolled the running of the 120-day period relied upon in defendant's motion for discharge. This court has previously ruled upon the question of a motion to suppress in *People v. Jones* (1971), 130 Ill. App. 2d 769, 266 N.E.2d 411, *People v. Ross* (1971), 132 Ill. App. 2d 1095, 271 N.E.2d 100, and *People v. Snyder* (1975), 32 Ill. App. 3d 1003, 337 N.E.2d 108. In *Jones*, a motion to suppress was one of a large number of motions filed by defendant within the statutory period ruled upon in his motion for discharge. In reversing the trial court's order discharging the defendant, this court stated, "The factual determination of the existence of such a delay occasioned by the defendant necessarily involves a consideration of the facts and circumstances in each case." (130 Ill. App. 2d 769, 772, 266 N.E.2d 411, 413.) This court determined that in the context of that case, the motion to suppress was one of the motions which, as a matter of law, caused delay interrupting the running of the statutory period. In *Ross*, an order of discharge was also reversed. The defendant had filed motions for discovery and to suppress contemporaneously with a demand for trial. In ruling the defendant to have caused delay as a matter of law, this court relied heavily upon defendant's failure to have either motion set for hearing during the time in which the statutory period ran.

In *Snyder*, prior to making demand for trial, defendant had filed several motions to suppress. These motions lay dormant during the running of the statutory period. In affirming the trial court's order of dismissal, we stated,

> "*Ross* did not establish a per se rule that a pending motion or motions on behalf of a defendant occasion delay attributable to the defendant as a matter of law within the purview of the statute. The defendant here, in contrast to *Ross*, did not simply file motions coupled with contemporaneous demand for speedy trial. Defendant here did not simply plant the seed and then retire to the shade. (*People v. Ross*, 132 Ill. App. 2d 1095, 1096, 271 N.E.2d 100, 101.) Defendant's conduct here was consistent. He vigorously opposed each of the State's motions for continuance, which were granted over his objection. The factual circumstances here, in contrast to *Ross*, amply support the specific finding of the trial judge that the delay here was attributable to the State, and not to the defendant. It is the trial judge who is in an unexcelled position to attribute the delay to one party or another." 32 Ill. App. 3d 1003, 1005, 337 N.E.2d 108, 109.

■■ Here, the trial judge's determination that the defendant was not chargeable with delay within the statutory period because of the motion to suppress is stronger than in *Snyder*. Although the motion was actually filed within the period of 120 days preceding the filing of the March 16, 1976, motion for discharge, it is clear that the failure to file the motion was inadvertent and that the State's attorney had a copy of the motion on November 5, 1975. An affidavit filed by defendant and before the court at the time of the allowance of the motion for discharge, stated that defense counsel had attempted to get the motion to suppress heard even prior to December 22, 1975, but had been unable to do so. In any event, defendant was instrumental in getting the motion heard. A ruling upon the motion was obtained 78 days prior to the filing of the motion for discharge. Unlike in *Jones*, the filing of the motion to suppress was the only act of defendant within the 120-day period prior to the final motion for discharge which would be considered in determining delay. The filing was a perfunctory matter because the prosecutor had a copy of the motion and knew of its pendency prior to the beginning of the 120-day period. Unlike in *Ross* and *Snyder*, the defendant diligently pursued and obtained a timely ruling on the motion. Analogous to the situation in *Snyder*, the defendant was ready for trial throughout the period. We determine that the ruling of the trial judge that the motion to suppress did not bring about delay within the 120-day period chargeable to defendant was not error.

■■ The State also argues that the defendant's waiver of jury trial

caused delay which tolled the beginning of a new 120-day period until at least November 21, 1975, less than 120 days before the filing of defendant's last motion to discharge. The waiver of jury trial after the case has been set for jury trial and especially late in the 120-day period constitutes delay. (*People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242.) The supreme court indicated in *Fosdick* that if the jury waiver is made early rather than late in the 120-day period, the case is usually expedited rather than delayed. Here, the waiver was made before the 120-day period relied on for discharge even began. The State contends, however, that the new 120-day period should not be permitted to begin until the case could have been reset for bench trial and that November 21, 1975, was the first date upon which that could have occurred. This theory is apparently based on language in *People v. Taylor* (1970), 123 Ill. App. 2d 430, 433, 258 N.E.2d 823, 825, where dictum stated that a delay had been occasioned by a waiver of jury trial. In that opinion, the court stated that delay occurs when a defendant obtains or agrees to a continuance or by his own actions causes delay. The court then stated, "The new 120-day period starts to run from the date the delay occurred, or to which the cause was continued. The People v. Hamby, 27 Ill 2d 493, 495, 190 NE2d 289 (1963); The People v. Niemoth, 409 Ill 111, 116, 98 NE2d 733 (1951)." Here, defendant neither requested nor agreed to a continuance. He was ready for trial upon jury waiver. That waiver may have constituted delay by his actions. If so the new 120-day period began upon the date the jury waiver was made, October 28, 1976. The last motion for discharge was filed more than 120 days after that date.

■■ After this case was submitted, the State, after obtaining leave, submitted as supplemental authority the recent case of *People v. Borcheldt* (1977), 46 Ill. App. 3d 286, 360 N.E.2d 1187, which in turn cited the recent case of *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776. In *Donalson,* the court affirmed a conviction in a case where the trial court had ruled that a defendant was chargeable with delay because he had filed a motion to suppress a confession late in the 120-day period. The facts in *Borcheldt* are more similar to those in the case under consideration in that there the motion to suppress was filed early in the 120-day period. There, however, the trial court found the filing of the motion to constitute delay. As we indicated in *Snyder* we do not consider the filing of a motion to suppress to constitute delay *per se* and we believe that upon review weight should be given to the determination of the trial judge as to whether a defendant has occasioned delay. *Donalson, Borcheldt, Snyder* and the instant case are consistent in that the rulings of trial courts are affirmed. The difference in the time when the motion was filed in *Donalson* and in this case supports the propriety of the different rulings made below. Although the time frame is more similar in *Borcheldt*

and the instant case, the defendant here showed more diligence in obtaining a hearing on the motion. We are satisfied that our ruling is consistent with that in *Donalson*. If we are in any way inconsistent with *Borcheldt* we, nevertheless, choose to follow the decision of this court in *Snyder*.

The ruling of the trial judge discharging defendant was proper. That judgment is affirmed.

Affirmed.

TRAPP and MILLS, JJ., concur.