THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RICKY A. JUMP, Defendant-Appellee.

Third District   No. 3—84—0025

Opinion filed August 31, 1984.

MILLER, J., specially concurring.

Joan C. Scott, State's Attorney, of Lewistown (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate De-

fender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
In custody 126 days.
No trial.
Nor will there be.
The trial court dismissed.
We affirm.

### FACTS

Jump was charged by information with robbery on September 13, 1983. He was arrested the same day and held in custody at the Fulton County jail. The public defender was appointed to represent him and filed a request for an immediate trial by jury.

On November 14, 1983, defendant filed a motion to suppress evidence of his identification, alleging an improper showup. He did not seek a hearing date on the motion at this time.

On November 22, 1983, defendant's trial date was set for December 19, 1983. Pretrial conferences were scheduled for December 7. On November 23, defendant gave notice to the State's Attorney of a hearing on his motion to suppress. The hearing date was scheduled for December 20, 1983—one day after the scheduled trial date.

The trial docket shows that the State and defendant answered ready for trial at the pretrial conference on December 7. On December 12, 1983, defendant's case (along with 22 other cases) was set for trial on December 19, 1983. While the trial date remained unchanged, the cases were transferred from Judge Wilhelm to Judge Henderson.

On December 15, 1983, defendant filed a motion to remove his case from the December calendar. The motion states: "The defendant prays for an order of this court removing the cause from the trial calendar commencing on December 19, 1983, at 9:30 a.m. until such further time as will permit the hearing and disposition of the motion to suppress set for December 20, 1983, at 3 p.m. before the Honorable Charles Wilhelm." The record does not indicate that this motion was ever heard or ruled on. However, defendant's case was removed from the December calendar on December 22, 1983, and a new trial date was scheduled for January 17, 1984. Defendant's motion to suppress was heard and denied on December 20. Both the State and defendant answered ready for trial at a pretrial conference on January 3.

On January 5, the public defender filed a motion to withdraw as counsel for defendant. The motion stated that Tony Brevell, a codefendant, had pleaded guilty to the robbery and had been listed as a

State's witness for defendant's trial. Brevell was also being represented by the public defender and the motion to withdraw was based on a potential conflict of interest. On January 11, Judge Bath granted the motion to withdraw and appointed attorney Stewart Merdian to represent defendant.

On January 17, 1984, Merdian filed a motion to dismiss the charges against defendant on the grounds that his right to a speedy trial had been violated. After a hearing, Judge Murphy granted the motion to dismiss.

The only witness to testify at the hearing was John Clark, the assistant public defender for Fulton County. Clark testified that defendant never moved for a continuance and that the motion to remove his case from the December calendar was never heard or ruled upon. Clark testified that he would not have gone to trial on December 19 without a hearing on the motion to suppress. When asked why he answered ready for trial on December 3, Clark responded, "As I recall, it was decided informally that the Jump and Brevell trials weren't going to happen that week."

Clark stated on cross-examination that through "informal conversations" between the public defender and the State's Attorney, the State "always knew that [the public defender] wanted the hearing on the Motion to Suppress before *** a trial in this case."

Here is a recapitulation of the relevant data:

| | |
|---|---|
| Sept. 13, 1983 | Defendant taken into custody. |
| Nov. 14 | Defendant's motion to suppress evidence. |
| Nov. 22 | Court order setting trial date for 12/19/83. |
| Nov. 23 | Defendant's notice of hearing on motion to suppress. |
| Dec. 12 | Court order setting trial date for 12/19/83. |
| Dec. 15 | Defendant's motion to remove case from December calendar. |
| Dec. 20 | Hearing on motion to suppress. |
| Dec. 22 | Court order setting trial date for 1/17/84. |
| Jan. 5, 1984 | Public defender files motion to withdraw. |
| Jan. 11 | New counsel appointed. Expiration of 120 days from date of arrest. |
| Jan. 17 | Defendant's motion to dismiss. |

OPINION

Judge Murphy discharged defendant pursuant to sections 103—5(a) and 5(d) of the Code of Criminal Procedure of 1963, which provides:

"(a) Every person in custody in this State for an alleged of-

fense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***.

*  *  *

(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance." Ill. Rev. Stat. 1983, ch. 38, pars. 103—5(a), (d).

■ In resolving whether a delay is attributable to the defendant, much deference must be given to the trial court's judgment, especially where it is difficult to discern from the record which party is primarily responsible for the delay. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872; *People v. Snyder* (1975), 32 Ill. App. 3d 1003, 337 N.E.2d 108.) The decision of the trial court as to the accountability for delay in bringing the defendant to trial should be sustained absent a clear showing of abuse of discretion. *People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872; *People v. Grant* (1982), 104 Ill. App. 3d 183, 432 N.E.2d 1129.

The State first argues that the defendant's motion to suppress evidence of his identification occasioned delay chargeable to him.

■■ It has been stated that there is no *per se* rule that the filing of a motion by the defendant automatically occasions delay attributable to him. (*People v. Ferguson* (1977), 46 Ill. App. 3d 815, 361 N.E.2d 339.) A delay in fact must occur as a direct consequence of the defendant's action for the defendant to be chargeable. (*People v. Ferguson* (1977), 46 Ill. App. 3d 815, 361 N.E.2d 339.) However, a defendant will ordinarily be charged with delay caused by the filing of a motion to suppress, particularly where the defendant is aware that an evidentiary hearing will be required and the State will need time in which to prepare. *People v. Manna* (1981), 96 Ill. App. 3d 506, 421 N.E.2d 542; *People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341.

■ The cases cited by the State wherein the filing of a motion to suppress occasioned delay chargeable to the defendant are inapposite. In *Manna*, the defendant's motions to suppress evidence were heard on the same day the motions were filed, but the hearings were continued by order of the court. The appellate court held that the delay occasioned by the continuance of the hearing on the motions to suppress was attributable to the defendant. In the present case, defendant's motion to suppress was disposed of on the same day it was heard, and there were no continuances ordered by the court. *People v. Keagbine* (1979), 77 Ill. App. 3d 1039, 396 N.E.2d 1341, *People v. Schoeneck*

(1971), 1 Ill. App. 3d 395, 274 N.E.2d 483, and *People v. Brown* (1976), 40 Ill. App. 3d 1003, 353 N.E.2d 244, also were cases where continuances were either granted or ordered after hearings on the defendants' motions to suppress had begun.

The State maintains that defendant's motion to remove his case from the December calendar should be regarded as a motion for a continuance and that the time from the original trial date (December 19) to the January 17 trial date was chargeable to defendant.

■■ ■ Continuances which are requested or agreed to by the defendant are chargeable to him. (*People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776; *People v. Clay* (1981), 98 Ill. App. 3d 534, 424 N.E.2d 814.) Even if we were to view defendant's motion to remove his case from the December calendar as a motion for a continuance, the record does not show that this motion was ever heard or ruled on. While the case was in fact removed from the December calendar, the record does not establish that this removal was in response to defendant's motion. Delay cannot be attributed to the defendant where the record is silent. *People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872; *People v. Grant* (1982), 104 Ill. App. 3d 183, 432 N.E.2d 1129; *People v. Cunningham* (1979), 77 Ill. App. 3d 949, 396 N.E.2d 876.

■■ ■ The State next argues that the defendant occasioned a six-day delay when the public defender filed a motion to withdraw as counsel on January 5, and his new counsel was appointed on January 11.

The record clearly shows that there was no delay in fact caused by the motion to withdraw. The January 17 trial date had been set *before* the public defender moved to withdraw. The trial date was still January 17 after new counsel was appointed, and the new counsel did not move to continue the trial. Therefore, the motion to withdraw had no effect on the date of the trial.

On the record before us, we cannot say that Judge Murphy abused his discretion in finding no delay chargeable to defendant.

■ Defendant's motion to strike portions of the State's reply brief has been taken with the case. The motion is allowed for the reason that the statements are not supported by the record on appeal.

Defendant's motion to strike allowed.

Affirmed.

TRAPP, J., concurs.

JUSTICE MILLER, specially concurring:

Because the record permits inferences that the delay could have been caused by reasons other than the defendant's motion to remove the cause from the trial calendar for a hearing on his motion to suppress, I concur in the result reached by the majority. I would not, however, require under all circumstances that a ruling be made or entered on a motion for a continuance or for removal before attributing the delay to the defendant.