THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ALAN J. WILKEY, Defendant-Appellee.

Third District   No. 3—89—0658

Opinion filed August 31, 1990.

STOUDER, J., dissenting.

Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of
Ottawa, for the People.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for
appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the
court:

The defendant, Alan J. Wilkey, was originally charged with the
offense of possession of cannabis (Ill. Rev. Stat. 1989, ch. 56½, par.

704(c)). Thereafter, the State moved to file a new two-count information. Count I realleged the cannabis charge, and count II alleged that the defendant possessed less than one gram of a substance containing cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)). The defendant filed a motion to dismiss the second count. The trial court granted his motion, and the State appeals. We reverse.

The record shows that on May 11, 1989, the defendant was charged with possession of cannabis. On May 26, 1989, he filed a speedy trial demand. On October 5, 1989, pursuant to discovery, the defendant informed the State that Ronald L. Carlson would be called as a witness for the defense. On October 16, 1989, the day the defendant's trial was set to begin, the State filed an amended complaint adding a second count. Immediately after the second count was filed, the defendant presented a written motion requesting that the trial court dismiss the new count.

In his motion, the defendant alleged that all of the information concerning the basis for count II had been known by the State since May 11, 1989. He further alleged that the additional charge was filed to embarrass, harass, and prejudice him, to violate his right to due process, and to hamper and impede his defense. Specifically, he contended that he had the right to a preliminary hearing on the new charge and that the filing of the new charge on the day of trial would cause him either to waive his right to a preliminary hearing or to demand a preliminary hearing and thus waive his right to a speedy trial. He also alleged that his counsel would need time to prepare for the additional charge and that the charge was meant to harass him for failing to plead guilty to the original charge.

At the hearing on the defendant's motion to dismiss, the prosecutor testified that she had never told the defendant that the cocaine charge was being filed because he would not plead guilty to the cannabis charge. The prosecutor stated that the cocaine charge had not been previously filed because she did not have sufficient evidence until Roger Carlson made a taped statement to the police on October 12, 1989. She received this statement on Friday, October 13, 1989, reviewed it, and informed the defendant that she would file the additional count on Monday, October 16, 1989.

After hearing arguments, the trial court granted the defendant's motion. The judge did not set forth his reasons for granting the motion, but commented that he was upset about the State's filing the additional count on the day of trial.

On appeal, the State argues that the trial court erred in dis-

missing count II. Specifically, it contends that the charging delay did not violate the defendant's right to due process since the defendant was not prejudiced by the delay. Furthermore, it argues that the State has the right to charge a defendant with a more serious charge if he does not plead guilty and in so doing does not violate the defendant's right to due process.

■■ A trial judge, on his own motion or on the motion of the defendant, has no power to dismiss criminal charges before trial in the absence of a supreme court rule, a statute, or a due process violation. (*People v. Schroeder* (1981), 102 Ill. App. 3d 133, 429 N.E.2d 573.) A charging delay can be used to show a due process violation. However, where there has been such a delay, the defendant must come forward with a clear showing of actual and substantial prejudice. If the accused satisfies the trial court that he has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity, of the delay. *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244.

■■ ■ In the case at hand, no supreme court rule or statute authorized the trial court's dismissal of the charge. Further, the defendant did not show any actual or substantial prejudice so as to invoke a due process violation. The defendant argued that his right to a speedy trial would be violated by allowing count II to stand, because it would cause him to either waive his right to a preliminary hearing or waive his right to a speedy trial. We find, however, that since the State still had 14 days in which to bring the defendant to trial, his argument was mere speculation that the speedy trial term would run before he would be prepared to go to trial. Mere speculation does not amount to a showing of actual and substantial prejudice.

We further note that the speedy trial term in effect for the first offense was not applicable to the second offense. When a new and additional charge arises from the same facts as did the original charge and the State knew of these facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitation applied to the original charge. (*People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963.) Here, however, the uncontradicted testimony presented at the hearing established that the State did not have the facts necessary to bring the second charge when the defendant was originally charged. Therefore, we find that no speedy trial issue existed and as such the defendant failed to clearly show actual and substantial prejudice.

As a final note, we find, contrary to the defendant's argument, that the State did have the right to bring additional charges against the defendant when plea negotiations failed. *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663.

The judgment of the circuit court of Rock Island County is reversed, and the cause is remanded for further proceedings consistent with our findings.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

After reviewing the opinion in the above-captioned case, I must respectfully dissent. The basis of my disagreement concerns the timing of the State's bringing additional charges.

Initially, I do not dispute that the State has the right to bring additional charges against the defendant when plea negotiations fail. (*Bordenkircher v. Hayes* (1978), 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663.) In the instant case, however, the timing of the State's bringing the additional charges was a delaying tactic and a due process violation because it forced the defendant to waive his speedy trial rights. *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840.

In cases such as this, it is at the trial court's discretion whether to find the actions of the State to constitute a due process violation. (*People v. Ferguson* (1977), 46 Ill. App. 3d 815, 361 N.E.2d 339.) Therefore, I conclude that the trial court did not abuse its discretion by finding the actions of the State to constitute a due process violation in the instant case. Accordingly, I would affirm the judgment of the trial court.