THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SPENCER PARKS (Impleaded), Defendant-Appellant.

First District (1st Division)   No. 60503

Opinion filed May 2, 1977.

Paul Bradley and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Spencer Parks, was convicted of armed robbery by a jury and sentenced to the penitentiary for a term of 7 to 21 years. On direct appeal, the appellate court reversed his conviction and remanded the cause for a new trial based solely on the trial court's failure to give an instruction, *sua sponte*, concerning accomplice testimony. (34 Ill. App. 3d 180, 340 N.E.2d 121.) The supreme court granted the State's petition for leave to appeal (62 Ill. 2d 591) and reversed the appellate court's judgment (65 Ill. 2d 132, 357 N.E.2d 487). The cause was remanded for this court's resolution of the other issues advanced by defendant but not considered in his initial appeal.

The evidence relating directly to defendant's criminal involvement was adequately stated in this court's previous opinion and in the supreme court's opinion. It is only necessary to note that defendant, Virgil Hooper and two others accosted the victim in a stairway area and took his coat, at gunpoint. When the victim tried to flee, defendant allegedly fired a fatal shot at the victim. Other facts will be set forth as may be pertinent for discussion of the remaining issues raised by defendant and not considered by this court on the original appeal.

Defendant argues that prejudicial error occurred when the State

asserted in its opening argument to the jury that it would prove defendant sold the victim's coat. Defendant says the State's failure to adduce this evidence and the State's reference to this matter in closing argument were improper.

■■ In the State's opening statement it informed the jury that several witnesses would testify that the day after the incident they observed the defendant sell the victim's coat in a neighborhood restaurant. No such proof was adduced at trial. It is improper, at least with foreknowledge, to include matters in an opening statement which are not thereafter proved. (*People v. Butler* (1973), 12 Ill. App. 3d 541, 548, 298 N.E.2d 798.) Here, the State was merely giving a factual background of the case and the matters which it expected to be proved. There is no allegation by the defendant that the State was not acting in good faith when the complained-of remark was made in its opening statement to the jury. Therefore, absent demonstrable prejudice, the comment is not reversible error. 75 Am. Jur. 2d *Trial* §§208-09 (1974); *People v. Bell* (1975), 27 Ill. App. 3d 171, 326 N.E.2d 507.

Evidence was produced through the testimony of Hooper that defendant told him he sold the victim's coat the day after the incident. However, the State did not produce any witnesses to the actual sale. The State's failure to produce witnesses in this regard accrued to the benefit of defendant when defense counsel in his closing argument specifically argued that the State had failed to prove that which it promised to prove in its opening statement.

After defense counsel in closing argument had pointedly commented on the failure of the State to substantiate this claim, the State in rebuttal informed the jury that it could not comment on the alleged sale of the victim's coat by defendant in a neighborhood restaurant because no one had testified as to that fact. The State also said that the arresting officer, Charles Boucher, knew defendant's name prior to the arrest of Hooper or defendant.

Defense counsel objected to these statements because it appeared the State was attempting to prove defendant had sold the coat by suggesting this was the basis for Officer Boucher's knowledge of defendant's identity. The trial court sustained the objection and immediately ordered the jury to disregard the matter. The court further instructed the jury that the opening statements and closing arguments of the attorneys were not to be considered as evidence. IPI Criminal No. 1.03.

The State's reply to the failure to show defendant sold the coat was invited by the defense comment. (*People v. Benedik* (1974), 56 Ill. 2d 306, 311, 307 N.E.2d 382.) Moreover, Officer Boucher had testified that he obtained arrest warrants for both Hooper and defendant before either was taken into custody.

■■ We are of the opinion that the substance of the comments and the trial court's prompt action in this regard negate a claim of reversible error. (See *People v. Stephens* (1974), 18 Ill. App. 3d 971, 980, 310 N.E.2d 824.) The record does not establish that the opening and closing arguments, either individually; or collectively, denied defendant a fair trial.

While defendant relies on *People v. Rogers* (1976), 42 Ill. App. 3d 499, 356 N.E.2d 413, to support his position that the State committed reversible error by its response to defense counsel's comments concerning witnesses to defendant's sale of the victim's coat, we find that decision is distinguishable. The defendant in *Rogers* was convicted of aggravated battery involving an alleged incident of child beating. The State introduced several items of clothing and a sheet which contained bloodstains. No foundation, however, was established that the bloodstained clothing was worn by the child at the time of the incident or that the blood type of stains on these items was that of the child. In the State's arguments to the jury, it emphasized the relevant nature of these items. The State also commented that the clothing was removed from the victim at the hospital and chemical tests showed the stains on the clothing were of the victim's blood type. The State informed the jury that this evidence showed defendant was lying when he denied beating the child. However, the appellate court noted that neither statement concerning the physical evidence was supported by the record. The appellate court held such unsworn statements by the State were prejudicial and concluded that the cumulative effect of such errors required a new trial.

In the present case the purported impropriety of the State's comment in its rebuttal argument, which was made in response to defendant's argument, does not approach the conduct condemned in the *Rogers* opinion. The State in the present case did not seek to affirmatively use improper matters and ascribe to them evidentiary significance. The State merely responded to defendant's criticism which was directed to the lack of evidence against him. And, as noted, the trial court sustained defendant's objection and directed the jury to disregard the matter. Under such circumstances, *Rogers* is clearly inapplicable.

■■ Defendant maintains he was not proved guilty beyond a reasonable doubt. The uncorroborated testimony of an accomplice, if credible, may be sufficient to sustain a conviction even when subject to infirmities of promises of leniency. (*People v. Farnsley* (1973), 53 Ill. 2d 537, 544-45, 293 N.E.2d 600.) In this case Hooper's testimony established defendant's guilt. While defendant denied his participation, the resolution of the conflicting testimony and the witnesses' credibility was for the jury to decide; and we cannot say a reasonable doubt of guilt is established by the record. *People v. McDonald* (1975), 62 Ill. 2d 448, 456, 343 N.E.2d 489.

■■ However, defendant suggests that testimony introduced by the State in rebuttal was improper because it was offered to impeach him on a collateral matter. Hooper testified on direct examination in the State's case-in-chief that he knew defendant for several years. During direct and cross-examination defendant denied knowing Hooper, although he admitted he may have seen Hooper on two occasions. In rebuttal, Hooper testified he participated with defendant in athletic activities, and a schoolteacher and park employee generally substantiated Hooper's testimony concerning his prior acquaintance with defendant. We do not find this testimony was improper. The evidence showed Hooper was asked by defendant and two others to accompany them upstairs after the victim. Hooper's prior acquaintance with defendant and the other men would tend to explain the reason he did so and acceded to their request. It also established a basis for Hooper to identify defendant as one of the persons with him. Finally, it directly challenged the credibility of defendant's claim that he was not acquainted with Hooper and had only seen him on two occasions.

■■ Defendant argues that the jury's failure to return a verdict on the charge of murder is legally inconsistent with its finding him guilty of armed robbery when the victim was allegedly shot by him. He has relied on *People v. Dawson* (1974), 19 Ill. App. 3d 150, 310 N.E.2d 800, to support his position. However, the supreme court reversed that decision (60 Ill. 2d 278, 326 N.E.2d 755) and it quoted extensively from a Federal Court of Appeals decision which approved the historic function of the jury to exercise leniency even though such determination would result in inconsistent verdicts. (See also *People v. Ellis* (1976), 39 Ill. App. 3d 766, 769, 350 N.E.2d 265.) The failure of the jury to render a verdict on the murder charge does not necessitate the conclusion that the guilty verdict for armed robbery was improper.

The record presents no basis to conclude reversible error was committed. Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BUA, J., concur.