THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT RUSSELL, Defendant-Appellant.

Third District    No. 77-288

Opinion filed February 28, 1979.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Albert Russell, was charged in a four-count indictment by a Peoria County grand jury with two counts of pandering, one count of contributing to the sexual delinquency of a minor, and one count of pimping. The factual basis from which the charges against defendant arose involve the chief prosecution witness Denise Leininger, a minor, who was arrested by the Peoria police for prostitution. Her statements following her arrest implicated the defendant, Albert Russell. Defendant allegedly committed two acts of pandering, one for the period from September 27, 1976, to December 20, 1976, and one for the period from January 1, 1977, to February 3, 1977, and allegedly acted as a pimp for Ms. Leininger during the latter period. Following a jury trial, the defendant was convicted of both counts of pandering, and the one count of pimping, but was found not guilty of the charge of contributing to the sexual delinquency of a minor. Defendant was sentenced to three concurrent terms of imprisonment, 1- to 3-year terms on both pandering convictions and a 364-day term for pimping. On appeal defendant has challenged only the conviction for pandering in 1977 and the conviction for pimping.

Defendant phrases the one issue raised on appeal as follows: Whether the trial court erred in entering judgment for two separate offenses, pandering and pimping, where both offenses arose from the same acts.

The trial testimony of the chief prosecution witness, Denise Leininger, indicated that the defendant arranged a situation in which Leininger could practice prostitution. The defendant provided her with food, clothing and shelter. The defendant's girlfriend and two other women who lived with the defendant worked with and instructed Leininger on the practice of prostitution. The defendant determined when the weather was too bad for her to work as a prostitute, and the defendant or his girlfriend drove Leininger to and from the work areas in the defendant's car. Leininger also testified that she gave all the money she earned from prostitution to the defendant.

Defendant readily concedes in his brief that the State successfully established beyond a reasonable doubt that the necessary elements of the offense of pandering were committed by him during 1977. Defendant's argument is that he was convicted and sentenced for both pandering and pimping which arose from the same physical act, that of receiving money from a prostitute. Both parties also concede the applicability of a new revised standard for determining the permissibility of multiple convictions and sentences. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Pursuant to the *King* precedent, to which we gave extended analysis in *People v. Jackson* (3d Dist. 1978), 64 Ill. App. 3d 159, prejudice to a defendant with regard to multiple acts and convictions exists in two instances, (1) where more than one offense is carved from the same physical act, and (2) where the defendant is convicted of more than one offense, one or more of which is by definition a lesser included offense.

■■ The indictment charging the defendant with pandering alleged that the defendant, "for U.S. currency arrange[d] a situation in which Denise Leininger, a female, could practice prostitution" in violation of section 11—16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—16), which provides:

"(a) Any person who performs any of the following acts *for money* commits pandering:

(1) Compels a female to become a prostitute; or

(2) Arranges or offers to arrange a situation in which a female may practice prostitution.

(b) Sentence.

Pandering by compulsion is a Class 4 felony. Pandering other than by compulsion is a Class 4 felony." (Emphasis added.)

Obviously the pandering statute requires that the panderer performs with the anticipation of receiving money. (*People v. Taylor*, (4th Dist. 1978), 64 Ill. App. 3d 279, 381 N.E.2d 303.) However this defendant claims this same act of receiving money from Denise Leininger formed the factual basis of his conviction for pimping. We disagree. The pandering statute is clearly aimed at prohibiting the act of arranging a situation for prostitution, as opposed to receiving money from or living off a prostitute, which is set out as a separate offense under section 11—19 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—19), as pimping. The intent of the legislature to establish different and distinct offenses of pandering and pimping is evidenced by the Committee Comments to section 11—16 of the Criminal Code of 1961, where it is stated:

"In reshaping the cluster of statutes formerly dealing with prostitution, some arbitrary distinctions in terminology were made. 'Pander', 'procure', and 'pimp' are three commonly used terms which have been employed to describe various types of

activities connected with prostitution. An effort has been made here to use only one term to describe one general kind of function. Thus, pander has been used to denominate the activities of one who recruits prostitutes; pimp has been used as the label for one who lives off the earning of the prostitute; procure is not used at all. So far as dictionary accuracy goes, the use of the words could be reversed. The distinctions were made here to provide convenient references by giving a more specific functional meaning to the terms. Comparisons with statutory provisions of other states becomes unprofitable too, since there is no consistent pattern that is of much assistance.

Section 11—16 describes the activity here labeled 'pandering,' which involves the recruiting of persons into the practice of prostitution and with keeping practicing prostitutes in that line of endeavor. This functional classification then makes a distinction between the 'recruiter-business manager' and the runner or contact man (dealt with under the preceding section) [Ill. Rev. Stat. 1975, ch. 38, par. 11—15 (soliciting for a prostitute)] and the individual who is the prostitute's consort—the pimp. Formerly, there were two principal statutes in the Illinois Criminal Code which dealt with the activity defined here as pandering.

\* \* \*

The former pandering section included an activity which is not covered in section 11—16. This activity is 'living off the earnings of a prostitute'—an activity which was brought into the Pandering Act by amendment in 1917. (Laws 1917, p. 349, §1.) This activity is covered under section 11—19 and is described as pimping under this Code." Ill. Ann. Stat., ch. 38, par. 11—16, Committee Comments, at 464-66 (Smith-Hurd 1972).

■ Similarly in two recent cases, *People v. McCall* (3d Dist. 1977), 52 Ill. App. 3d 407, 367 N.E.2d 588, and *People v. Houston* (1st Dist. 1976), 43 Ill. App. 3d 677, 357 N.E.2d 184, it was also made clear that it is the recruiting and management activity, and not its success, which is the activity sought to be prohibited under the pandering statute. In neither the *McCall* or *Houston* case was there an actual exchange of money and the courts affirmed the convictions of pandering holding that an actual exchange of money was not necessary to establish the nature of the prohibited transaction. Also, in *People v. Sangster* (4th Dist. 1970), 128 Ill. App. 2d 305, 261 N.E.2d 738, the distinction between the more complex role of the "business manager" who is guilty of pandering as opposed to the pimp who lives off the prostitute is plainly set out. Obviously the pimp *must* receive knowing it was in fact *earned.* Section

11—19 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—19) (pimping) provides:

> "(a) Any person who receives money or other property from a prostitute, not for a lawful consideration, knowing it was earned in whole or in part from the practice of prostitution, commits pimping.
>
> (b) Sentence.
>
> Pimping is a Class A misdemeanor."

The nature of the transactions between the defendant and Denise Leininger were established by the evidence in the record, including his receipt of money from Leininger, knowing of course that she earned it as a prostitute. However the actual receipt of the money by the defendant is not a necessary part of the act of pandering, but in this case only the means used by the prosecution to establish that the arrangement made by the defendant was intended to be for money. Applying the standard announced in *King*, we conclude that the offenses of pandering and pimping were separate "acts" here, each crime requiring proof of different outward manifestations. (See *People v. Baker* (4th Dist. 1978), 57 Ill. App. 3d 401, 372 N.E.2d 438.) The act and crime of pandering here was completed as to both counts before the receipt of the money by the defendant. The receipt of money is merely proof of the defendant's intent at the prior time when he arranged for Leininger to practice prostitution, from which the jury could infer that the arrangement was for money.

We also believe that the offenses of pandering or pimping are neither lesser included offenses of the other as considered in *King*. Both offenses demand proof of different elements, as distinguished from different items of evidence, and may not in the absence of expressly being defined lesser included offenses, be classified as one being a lesser included offense of the other. (Ill. Rev. Stat. 1975, ch. 38, par. 2—9; see *People v. Jackson* (3d Dist. 1978), 64 Ill. App. 3d 159.) A lesser included offense has been defined as "one composed of some, but not all the elements of the greater offense, and which does not have any element not included in the greater offense [citation], so that it is impossible to commit the greater offense without necessarily committing the lesser offense." (*People v. Delk* (5th Dist. 1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209.) The Committee Comments to section 11—19 of the Criminal Code of 1961 provide additional support for pimping and pandering to be considered separate crimes, and not included offenses, where it is stated:

> "Sharing in the profits of prostitution is usually treated under pandering statutes but it has been treated separately here. (See, *e.g.*, the following pandering statutes: La. LSA-R.S. 14:84; Or. ORS 167.-120; Wis. W.S.A. 944.33.) The former 'receiving' provision in the Illinois statutes was a part of the pandering Act, being added to

the 1908 Act by a 1917 amendment. (Laws 1917, p. 349, §1.) The part of Ill. Rev. Stat. 1961, ch. 38, §170 which affected this activity read:

> 'or any person who shall knowingly, without lawful consideration, take, accept or receive any money or other thing of value from any female person from the earnings of her prostitution, or any person who shall, directly or indirectly, take, receive or accept money or other thing of value for providing, procuring, or furnishing for another any person for the purpose of illicit sexual intercourse . . .'

This provision, as other standard pandering 'receiving' provisions, apparently reflects the theory that the person who regularly receives money from a prostitute is essentially of the entrepreneur class in the 'business' complex of prostitution. The receiving portion is here given a separate designation in recognition of the fact that a pimp may be a wholly different type of character. Recent studies of the practice of prostitution indicate that the pimp may be rather disconnected from the 'business' side of prostitution and may play primarily a strange psychological role in the life of the prostitute. (See Greenwald, *The Call Girl* (1958); Murtaugh & Harris, *Cast the First Stone* (1958).) If he does participate in soliciting customers, he would of course be subject to prosecution under other sections of this Article." Ill. Ann. Stat., ch. 38, par. 11—19, Committee Comments, at 484 (Smith-Hurd 1972).

In following the guidelines of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, we conclude that the closely related offenses of pimping and pandering were not carved from the same overt or outward manifestation, were not lesser included offenses, and that it was not error for the trial court to impose concurrent sentences for the two separate offenses.

The judgments of conviction of the Circuit Court of Peoria County and the sentences imposed thereon are affirmed.

Judgment affirmed.

STOUDER and STENGEL, JJ., concur.