THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN P. GUZZARDO, Defendant-Appellant.

Second District    No. 78-19

Opinion filed March 19, 1979.

254

William W. Reedy, of Rockford, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The defendant-appellant, John P. Guzzardo, hereinafter referred to as the defendant, was found guilty of pandering (section 11—16 of the Criminal Code of 1961, Ill. Rev. Stat. 1975, ch. 38, par. 11—16) by a Winnebago County jury. He was given a sentence of three years' probation. On appeal he has raised a total of six arguments as possible grounds for reversing his conviction. First he contends the statute under which he was convicted (Ill. Rev. Stat. 1975, ch. 38, par. 11—16(a)(2)) is unconstitutionally vague. Secondly the defendant contends that he was not proved guilty beyond a reasonable doubt. The defendant's final four contentions concern alleged errors made during the course of the trial. The first of these was an allegedly improper and highly prejudicial statement made during the State's opening argument. The next two issues concern allegedly improper testimony given by two of the State's witnesses, one exceeding the scope of an earlier trial court order, the other involving alleged hearsay. The defendant's final contention is that the trial court committed reversible error by permitting the State to question a witness as a court's witness on one important matter.

After reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the Circuit Court of Winnebago County must be affirmed.

The relevant facts of this cause begin on December 15, 1976, when two detectives of the Rockford City Police Department, Dale Gulbrantson and Jerry Bast, went to Iowa to return a Ms. Janet Virginia Roberts to Illinois to face a criminal charge. During the return trip, Ms. Roberts made certain statements that caused Detective Gulbrantson to make an informal report to his department recommending that it investigate the possibility of prostitution going on at the Naughty Lady Lounge, a Rockford drinking establishment, owned by the defendant and his brother, Lenny Guzzardo.

As part of the ensuing investigation, Detective Robert Combs, of the Rockford City Police Department, interviewed Ms. Lynn Wooten. During the interview on January 20, 1977, Ms. Wooten gave a written statement to the effect that on a previous occasion, approximately six months earlier, the defendant had given her $20 to perform an act of prostitution with another man. Detective Combs then persuaded Ms. Wooten to go to the Naughty Lady Lounge with a radio transmitter concealed on her person. The police intended to record any conversation between Ms. Wooten and the defendant. Ms. Wooten was then driven to the Naughty Lady Lounge where she spent approximately 20 minutes. During that time she had a conversation with the defendant in which the defendant allegedly agreed to provide her with a room in the Lincoln Hotel where she could practice prostitution. In exchange, the defendant was to receive $5 for each of Ms. Wooten's customers. After leaving the Naughty Lady Lounge, Detective Combs took Ms. Wooten back to the Rockford Police Station where she gave a written statement concerning her conversation with the defendant.

Although the conversation between Ms. Wooten and the defendant had been recorded by the police, that recording proved to be inaudible and therefore useless.

The defendant was arrested and charged with pandering (Ill. Rev. Stat. 1975, ch. 38, par. 11—16). The defendant came to trial on June 28, 1977, before Judge John W. Nielsen. After the jury was impaneled, the defendant made a motion *in limine* to exclude the testimony of Detective Gulbrantson on the grounds that his testimony would contain highly prejudicial hearsay and would concern matters remote and irrelevant to the triable issues of the case. During arguments on this motion, the People made an offer of proof that asserted that Detective Gulbrantson would testify that Ms. Roberts made certain statements that prompted the investigation of the activities going on at the Naughty Lady Lounge. The People's offer of proof made no mention of the content of any of the conversations between the police and Ms. Roberts. More specifically, the offer of proof made no mention of prostitution. While the trial court

denied the defendant's motion *in limine* to exclude the testimony of Detective Gulbrantson, it did limit his testimony to the matters contained in the People's offer of proof.

During his opening statement, Bradner C. Riggs, the Assistant State's Attorney, asserted that Ms. Wooten would testify that on a prior occasion the defendant had paid her $20 to perform an act of prostitution with another man. The defendant objected. While the trial court did not rule on the objection, it did inform the jury that opening statements are not evidence and that it was up to the jury to decide whether or not a party had proved all the assertions he made during his opening statements.

As its first witness, the People called Detective Gulbrantson. During his testimony the following colloquy took place between Detective Gulbrantson and Mr. Riggs, the Assistant State's Attorney:

"[Question]: An informal report about what?

[Answer]: About her conversations.

[Question]: What was the purpose in leaving that report?

[An objection which was overruled]

[Answer]: It was reference prostitution inside the building.

[Question]: What was your purpose in leaving the report?

[Answer]: To be followed up on."

Immediately thereafter the defendant asked to be heard outside the presence of the jury where he made a motion for mistrial on the grounds that Detective Gulbrantson by making references to prostitution had exceeded the limits placed on his testimony by the trial court's earlier order. After brief arguments on the point the trial court denied the motion but did admonish the jury to disregard the witness' last statement.

The People's next witness, Detective Robert Combs, testified as to how Ms. Wooten was wired for sound and then taken to the Naughty Lady Lounge on the night of January 20, 1977. Finally the People called Ms. Wooten, who testified that the defendant agreed to provide her with a hotel room where she could practice prostitution; in exchange she was to pay the defendant $5 per customer.

At one point in her testimony, Ms. Wooten stated that she did not recall whether she had made her written statement before or after listening to the tape recording made by the Rockford police. However, she thought that it was after listening to the tape. At that point the People expressed surprise at her testimony and asked the court for leave to call her as the court's witness for the limited purpose of determining when in relation to making her written statement she had listened to the tape recording. The trial court granted the request. On further questioning by the People, Ms. Wooten stated that she had made the written statement first.

At the conclusion of Ms. Wooten's testimony, the People rested.

The defendant called only one witness, David Hansen, an employee of the defendant. Mr. Hansen testified that he saw Ms. Wooten at a party with Officers Richard Bast and Charles Bishop. The testimony was offered to impeach Ms. Wooten who had testified that she had no contact with either man.

The jury found the defendant guilty as charged. He was sentenced to three years probation. It is from that conviction that he has appealed.

First we deal with the defendant's contention that the statute under which he was convicted (section 11—16(a)(2) of the Criminal Code of 1961, Ill. Rev. Stat. 1977, ch. 38, par. 11—16(a)(2)) is unconstitutionally vague.

We note that the defendant did not challenge the constitutionality of this statute at trial; therefore, he has waived the argument. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) However, assuming arguendo that the defendant had properly preserved the issue for review, we are of the opinion that the statute in question is not unconstitutionally vague.

■■■ A statute will not be held to be unconstitutionally vague so long as its terms are of sufficient specificity to serve as a guide to those to whom it applies. (*City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, 248 N.E.2d 71, *cert. denied* (1969), 396 U.S. 39, 24 L. Ed. 2d 208, 90 S. Ct. 263.) In interpreting a statute, its words will be given their ordinary meaning unless a contrary legislative intent is clearly expressed. (*People v. Williams* (1967), 79 Ill. App. 2d 56, 222 N.E.2d 915; *People v. Schwartz* (1976), 64 Ill. 2d 275, 356 N.E.2d 8, *cert. denied* (1977), 429 U.S. 1098, 51 L. Ed. 2d 545, 97 S. Ct. 1116.) The relevant portion of the statute involved in the case at hand reads as follows:

> "(a) Any person who performs any of the following acts for money commits pandering:
> (1) * * *
> (2) arranges or offers to arrange a situation in which a female may practice prostitution." (Ill. Rev. Stat. 1975, ch. 38, par. 11—16(a)(2).)

We believe when the words of the statute are given their plain and ordinary meaning it becomes abundantly clear that the defendant's conduct, offering in exchange for money to provide a hotel room where Ms. Wooten could practice prostitution, is clearly the type of conduct the statute seeks to prohibit. Therefore, we hold that section 11—16(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—16(a)(2)) is not unconstitutionally vague.

The defendant's second contention is that his conviction ought to be reversed because the People made a highly prejudicial statement during its opening arguments which it knew or should have known would not be

able to prove up during the trial. The statement complained of was the assertion that Ms. Wooten would testify that on a prior occasion the defendant had paid her $20 to engage in an act of prostitution with another man. When the People attempted to have Ms. Wooten so testify, the trial court upheld the defendant's objection. The defendant argues that the People's failure to prove up this statement constituted reversible error *(People v. Weller* (1970), 123 Ill. App. 2d 421, 258 N.E.2d 806).

■ We find the defendant's argument to be unpersuasive. We note that the Assistant State's Attorney made a good-faith effort to introduce the evidence alluded to in his opening statement on the theory that it showed motive, intent or design, all of which are proper exceptions to the prohibitions against evidence of prior bad acts. *(People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.) Absent bad faith, a comment in opening statements that is not later proved is not reversible error. *(People v. Parks* (1977), 49 Ill. App. 3d 65, 363 N.E.2d 93; *People v. McShan* (1975), 32 Ill. App. 3d 1068, 337 N.E.2d 263.) Here the record reveals that the People made a good-faith effort to introduce the evidence to prove up the statement made in the opening remarks. On that basis we hold that the Assistant State's Attorney's remarks did not constitute reversible error.

■ Next we turn to the defendant's contention that the reversible error occurred when Detective Gulbrantson testified beyond the scope of the trial court's order limiting his testimony to the matters contained in the People's offer of proof. While we agree the complained of answer exceeded the scope of the trial court's order, we do not find that it constituted reversible error.

■ The entire area of the testimony complained of by the defendant was entered into by the People for the legitimate purpose of showing the investigatory procedures which led the police to suspect the defendant of illegal conduct and his eventual arrest. *(People v. Byrd* (1976), 43 Ill. App. 3d 735, 357 N.E.2d 174; *People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597.) The complained-of testimony was a nonresponsive answer to a question in this legitimate area of inquiry. Furthermore, after the statement was made, the defendant requested and received an instruction from the trial judge telling the jury to disregard the statement. Such an instruction is sufficient to negate any claim of prejudicial error. *People v. Wright* (1974), 56 Ill. 2d 523, 309 N.E.2d 537.

Fourthly, the defendant argues that the trial court erred in not striking certain testimony of Detective Combs. The complained of testimony is as follows:

"Mr. Riggs [question]: On January 20, 1977, did you have contact with a girl by the name of Lynn or Linda Wooten?
[Answer]: Yes

[Question]: Under what circumstances did you have that contact with her?

[Answer]: We took a statement from Ms. Wooten in regards to Mr. Guzzardo and her, in regards to a conversation that they had had in the past, reference to prostitution."

We find no error here, as again the testimony was a legitimate inquiry into the investigating procedures which led the police to suspect the defendant of criminal conduct (*People v. Byrd* (1976), 43 Ill. App. 3d 735, 357 N.E.2d 174; *People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597).

■▌ ▌ Fifthly, there is the question of whether the trial court erred in allowing the People to question Ms. Wooten as a court's witness on one important matter. The matter in question was whether Ms. Wooten gave her written statement concerning her January 20, 1977 conversation with the defendant before or after she had listened to the tape recording of that conversation. When first asked, Ms. Wooten stated that she was uncertain as to which had occurred first, but she thought that she had listened to the tape first. The People were surprised by the reply and so informed the trial court. The trial court then granted the People's request that it be allowed to question Ms. Wooten as a court witness for the limited purpose of clarifying the point. As a court witness Ms. Wooten testified that she had given her written statement before she had listened to the tape recording. The point was clearly relevant to the proceedings. That combined with the People having expressed surprise gave the trial court a sufficient basis for exercising its discretion and calling Ms. Wooten as its own witness. (*People v. Wesley* (1959), 18 Ill. 2d 138, 163 N.E.2d 500, *cert. denied* (1960), 364 U.S. 845, 5 L. Ed. 2d 69, 81 S. Ct. 87; *People v. Norris* (1969), 118 Ill. App. 2d 406, 254 N.E.2d 304.) There was no need for a written request prior to the witness testifying for the trial court to designate Ms. Wooten as a court's witness. The Assistant State's Attorney's oral representation of surprise was sufficient. *People v. Robinson* (1974), 21 Ill. App. 3d 343, 315 N.E.2d 95.

The defendant's final contention is that he was not proved guilty beyond a reasonable doubt.

■▌ ▌ In a jury trial the jury is the sole judge of the credibility of the witnesses and is the finder of facts. As such its decisions will not be overturned on appeal unless they are clearly contrary to the manifest weight of the evidence. (*People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.) In the case at hand the jury was presented with the testimony of Ms. Wooten who testified that the defendant offered to provide her with a hotel room where she could perform acts of prostitution for $25 and in

return she was to pay the defendant $5 per customer. This testimony was supported by her written statement given immediately after she left the Naughty Lady Lounge. The defense did not significantly impeach her testimony either on cross-examination or in the defense case. As such the jury had ample evidence to support its guilty verdict.

For the above stated reasons the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

SEIDENFELD and WOODWARD, JJ., concur.