THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MELANIE MATTHEWS, Defendant-Appellant.

Third District    No. 80-38

Opinion filed October 27, 1980.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

*Melanie Matthews, the defendant herein, was convicted in the* Circuit Court of Peoria County of the offense of soliciting for prostitution. The indictment under which she was tried set forth only the charge of pandering. We are asked to determine whether the court below correctly ruled that the offense of soliciting is a lesser included offense of pandering.

The evidence adduced at trial reveals that the defendant was employed by Cherie's Body Shop, an escort service owned and operated by Ann Taylor. Her responsibilities as an escort were to go with a client to dinner or a show or some similar date. The fee to the customer for his escort was established at $75 an hour for the "basic" service and $100 an hour for the "liberal" service. It was the practice of Cherie's Body Shop to evenly divide the fee between the escort and the shop's owner and operator.

On June 26, 1979, Matthews received a phone call from Phillip Benne, who was calling from Room 226 of the Imperial 400 Motel. Benne, an officer of the Peoria municipal police department, was working in mufti attempting to make a case against Cherie's Body Shop. In the phone conversation that followed, Benne requested an escort at the

"liberal" rate. Benne was advised that a hostess would arrive at his motel room in 15 minutes, along with the woman who was to be his escort.

Typically it was the owner-operator, Ann Taylor, or another woman named Dolly who transported the escort and acted as hostess by introducing the escort to the client. On this occasion, however, neither woman was able to perform her duties as hostess and the defendant substituted for them. Matthews took Taylor's car and drove Ray Ann Hagan, Benne's designated escort, to the Imperial 400 Motel. There Matthews identified herself as the hostess, introduced Hagan, and asked for the $100 fee. After some discussion the undercover officer paid the defendant, and she departed the motel leaving Hagan and Benne together in Room 226. As the defendant drove away from the motel she was stopped by other police officers who searched her purse and found the $100 fee which Benne paid for the escort service. After the activities which subsequently took place in Room 226 came to light, Matthews was indicted for pandering. Ill. Rev. Stat. 1979, ch. 38, par. 11—16.

■■ According to the Criminal Code, any person who, for money, arranges or offers to arrange a situation in which a person may practice prostitution commits the offense of pandering. (Ill. Rev. Stat. 1979, ch. 38, par. 11—16.) At the bench trial held in this cause the People failed to prove that the defendant herself received any of the $100 fee paid by the undercover officer Benne. An essential element of the offense of pandering is that the arrangement be for money (*People v. Sangster* (1970), 128 Ill. App. 2d 305, 261 N.E.2d 738), and therefore the trial court acquitted the defendant on the pandering charge. The lower court did, however, find the defendant guilty of the offense of solicitation of a prostitute (Ill. Rev. Stat. 1979, ch. 38, par. 11—15) on the theory that solicitation is a lesser-included offense of pandering. The defendant disagrees and argues that the indictment is insufficient to support a conviction for solicitation. See generally *People v. Hobson* (1979), 77 Ill. App. 3d 22, 396 N.E.2d 53.

■■ Any person who arranges or offers to arrange a meeting of persons for the purpose of prostitution commits the offense of soliciting for a prostitute. We believe this offense is not a lesser-included offense of pandering.

A lesser-included offense has been defined as one composed of some, but not all the elements of the greater offense, and which does not have any element not included in the greater offense, so that it is impossible to commit the greater offense without necessarily committing the lesser offense. (*People v. Russell* (1979), 69 Ill. App. 3d 59, 386 N.E.2d 1369.) If a situation could arise where one could commit the offense of pandering without committing the offense of soliciting, then the latter is not a lesser-included offense of the former.

In *People v. Guzzardo* (1979), 69 Ill. App. 3d 252, 257, 387 N.E.2d 896, 899, it was determined that "[w]hen the words of the [pandering] statute are given their plain and ordinary meaning it becomes abundantly clear that the defendant's conduct, offering in exchange for money to provide a hotel room where Ms. Wooten could practice prostitution, is clearly the type of conduct the statute seeks to prohibit." The defendant in *Guzzardo* arranged a situation in which Ms. Wooten could practice prostitution, and was thus guilty of pandering. There is no evidence that the *Guzzardo* defendant arranged a meeting of persons for the purpose of prostitution. Therefore, it is possible to commit the offense of pandering without committing the offense of soliciting. It is not true that all of the elements of soliciting are included within the elements of pandering. For this reason the pandering indictment is insufficient to support defendant's conviction for soliciting. *People v. Hobson.*

Consistent with the reasons set forth above, and in reliance on the cited authorities, it is our decision that the guilty verdict entered below must be reversed.

Reversed.

BARRY and STENGEL, JJ., concur.