THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD PARSONS, Defendant-Appellant.

First District (6th Division)   Nos. 1—92—1550, 1—93—1288 cons.

Opinion filed April 15, 1994.

Deutsch, Levy & Engel, Chartered, of Chicago (Phillip J. Zisook, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Holly L. Rappin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a jury trial, defendant, Ronald Parsons, was found

guilty of possession of a controlled substance with intent to deliver and sentenced to 12 years in prison, three years' mandatory supervised release and a fine of $40,000. Defendant subsequently appealed his conviction, and on December 6, 1991, this court issued its opinion (*People v. Parsons* (1991), 222 Ill. App. 3d 823, 584 N.E.2d 442) (*Parsons I*), remanding the case to the trial court for a hearing to determine whether trial counsel's failure to call a witness constituted trial strategy or neglect.

On March 30, 1992, a remand hearing was held before the trial court. At the hearing, the court asked trial counsel to comment on whether he had interviewed the witness and his reasons for not calling him. The trial court then concluded that trial counsel's failure to call the witness was a matter of trial strategy. This appeal followed. The issues on appeal are: (1) whether the trial court's decision to deny defendant's privately retained counsel leave to file a supplemental appearance, and memorandum of law on remand and not allow counsel to address the court or present oral argument, denied defendant counsel of his choice and a fair hearing; (2) whether the trial court erred in not making a proper inquiry of defense counsel as directed by the order of this court in the manner mandated by *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045; and (3) whether the trial court erred in its finding that trial counsel's omissions were trial strategy.

In *Parsons I* we remanded the case to the trial court for a hearing to determine trial counsel's reasons for not calling the informant, Ronald Nemerow. Our ruling was based on defendant's statement that trial counsel had failed to interview the witness, defendant's wife's comment that the informant told her he had dropped cocaine in defendant's car, and the existence of a written statement from the informant, whose contents were unknown to the court but which may have been helpful. We concluded that the record was not clear as to whether trial counsel's decision not to call the witness was neglect or trial strategy and whether trial counsel ever interviewed the witness. In remanding the case for clarification of this issue, we stated:

> "In holding as we do, we emphasize that we are not remanding for a full evidentiary hearing and appointment of counsel on the issue of trial counsel's incompetence. Rather, we remand only for the purpose of the interchange mandated by *Jackson* [(131 Ill. App. 3d 128, 474 N.E.2d 466)] and *Nitz* [(143 Ill. 2d 82, 572 N.E.2d 895)]. If, for example, defendant's trial counsel indicates to the court that Nemerow was in fact interviewed and that counsel determined Nemerow's testimony would not be helpful to defen-

dant, then the matter would clearly be one of trial strategy, and defendant's informal *pro se* motion would properly be denied." (*Parsons*, 222 Ill. App. 3d at 831.)

At the hearing, the trial court stated that the purpose was to determine whether Nemerow was interviewed and what trial counsel's reason was for not presenting him as a witness at the trial. Trial counsel was then asked to respond to the questions raised by this court in *Parsons I*. Trial counsel informed the court that while the trial was in progress he interviewed Nemerow. During the interview Nemerow informed trial counsel that, if called as a witness, he would not admit to being in possession of cocaine while in defendant's car. Therefore, trial counsel decided not to call him as a witness for the defense.

Also attending the remand hearing was defendant's new privately retained counsel (Zisook). The court then asked defendant if he would like to make a statement. After defendant's statement, Zisook requested leave to address the court. The trial court then stated:

"Well I'll tell you, Mr. Zisook, I that it's out of place. I understand that you've been very faithful in coming here but my understanding is that—as the Court that is indicated that this is not for an evidentiary hearing and appointment of counsel. It's only for the purpose of determining whether Nemerow was interviewed and whether counsel determined that his testimony would not be helpful to the defendant."

Then Zisook stated that he had a motion pending to file a supplemental appearance, that defendant had asked Zisook to represent him at that proceeding, and that Zisook had facts that he would like to bring to the court's attention. The court responded that its interpretation of the opinion was that it was only directed to have a "colloquy" with trial counsel and possibly defendant which had already been done. The trial court then concluded that based on the statements of trial counsel and defendant, the decision not to call Nemerow was a decision of trial strategy. Zisook attempted to pursue the matter further and stated that he had requested leave to file a remand memorandum and Nemerow's affidavit. The trial court denied Zisook's request stating that most of the content of the affidavit had already been addressed by the appellate court. The trial court stated that it was only going to deal with the sole issue that the appellate court gave it to address and that having addressed that issue, the trial court's participation in the case was concluded.

■ Defendant first contends that the trial court on remand denied him a fair hearing and counsel of his choice by denying defendant's privately retained counsel leave to file a supplemental appearance,

memorandum of law and by not allowing counsel to present oral argument or otherwise address the court at the remand hearing. Defendant argues that his privately retained counsel should have been allowed to represent him at the remand hearing because there was an inherent conflict in trial counsel's representing defendant on defendant's ineffective assistance of counsel claim. Defendant further argues that he filed an affidavit with the court stating that he had retained private counsel rather than trial counsel to represent him on remand. Defendant claims that by denying his private counsel leave to file a memorandum of law or to address the court on defendant's behalf, the court has denied him effective representation as well as a voice in the hearing through which he could make a meaningful argument as to whether trial counsel's omissions were trial strategy or ineffective representation.

While one may argue that a better course of action would have been to allow counsel to appear and argue, the question is whether it is reversible error not to do so. We conclude that it was not, where the trial court complied with the remand order and conducted an evidentiary hearing as required by *Jackson* and *Nitz*. The *Parsons I* mandate specifically stated that it was not remanding for a full evidentiary hearing and appointment of counsel on the issue of trial counsel's incompetence. It was this mandate which the trial court was following when it denied defendant's private counsel leave to participate in the remand hearing. As noted by the court in *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 276, 442 N.E.2d 185:

> "[A] trial court must obey the clear and unambiguous directions in a mandate issued by a reviewing court. [Citations.] '[T]he rule is that "[w]here *** the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to enter an order or decree in accordance with the directions contained in the mandate. Precise and unambiguous directions in a mandate must be obeyed." ' [Citation.] Thus, when a reviewing court issues a mandate, it vests the trial court with jurisdiction to only such action as conforms to that mandate."

In the case *sub judice*, this court issued a specific mandate to the trial court as follows:

> "Absent any explanation from trial counsel as to why Nemerow was not called and the lack of a showing that Nemerow was actually interviewed, we hold that the case is to be remanded for clarification of this issue." (*Parsons*, 222 Ill. App. 3d at 830-31.)

The *Parsons I* mandate, as previously quoted, stated that it was only remanding for the purpose of the interchange mandated by *Jackson* and *Nitz*. If trial counsel did interview Nemerow and determined

that Nemerow's testimony would not be helpful to defendant, then the decision not to call him as a witness would be trial strategy. (*Parsons*, 222 Ill. App. 3d at 831.) In *People v. Jackson*, the court stated:

"The trial court should examine the factual matters underlying the defendant's claim. \*\*\* If the claim goes to matters of trial tactics or strategy, the defendant's claim should be found spurious and his request for new counsel denied. \*\*\* If, however, the factual matters show possible neglect of the defendant's case, the court should appoint new counsel who can undertake an independent evaluation of the defendant's claim and present the matter to the court from a detached, yet adversarial, position." *Jackson*, 131 Ill. App. 3d at 139.

See also *People v. Nitz*, 143 Ill. 2d 82, 572 N.E.2d 895.

Thus, According to *Nitz* and *Jackson*, an evidentiary hearing and appointment of counsel should be provided only after a determination is made that trial counsel's omissions were not trial strategy. Because the court determined that trial counsel's failure to call Nemerow was trial strategy, the trial court's denial of Zisook's requests was in compliance with the appellate court mandate.

■ Defendant next contends that the trial court failed to make proper inquiry of defense counsel as directed by the order of this court in the manner mandated by *Krankel* (102 Ill. 2d 181, 464 N.E.2d 1045). Defendant claims that rather than question trial counsel regarding the various omissions raised by defendant, the trial court only asked trial counsel to make a statement regarding the concerns expressed in this court's opinion. (See *Parsons*, 222 Ill. App. 3d 823.) Defendant argues that the trial court's inquiry of trial counsel was improper because, although the court did question him as to whether he had interviewed Nemerow, the court failed to inquire as to why Nemerow was not interviewed prior to trial. Defendant claims that he was prejudiced by trial counsel's reference in his opening statement to Nemerow's testimony and what the evidence would show. Defendant reasons that if Nemerow had been interviewed prior to trial, trial counsel would not have referred to evidence in his opening statement that he was unable to produce.

However, at the time of defendant's first appeal, this court noted that, contrary to defendant's allegation, defense counsel did not tell the jury that they would hear Nemerow testify. (See *Parsons*, 222 Ill. App. 3d at 827-28.) Furthermore, as noted above, the trial court was required to strictly follow the mandate of this court which was to determine whether Nemerow was interviewed by counsel and why trial counsel had not called him as a witness. *Parsons*, 222 Ill. App. 3d at 831.

Defendant also argues that the trial court should have inquired as to why trial counsel failed to use Nemerow's statement at the trial. Defendant claims that the statement would have been helpful because it would have established Nemerow's presence in defendant's car and his leaving a plastic bag there. In addition, if trial counsel had presented Nemerow as a witness and Nemerow had denied leaving the cocaine in defendant's car, trial counsel could have used Nemerow's statement to impeach him. However, in arguing as he has, defendant has ignored the conclusion of this court that any issues regarding Nemerow's statement would not be addressed because the document was not part of the record on appeal. *Parsons*, 222 Ill. App. 3d at 828.

For these reasons, we conclude that the trial court did make a proper inquiry of trial counsel as directed by this court's remand order in *Parsons I.*

Defendant's final contention is that the trial court's finding that trial counsel's omissions were trial strategy was against the manifest weight of the evidence. We first note that the only omission that the trial court was directed by this court to rule on was trial counsel's failure to call Nemerow as a witness. At the hearing on remand trial counsel informed the trial court that he did not call Nemerow to testify because Nemerow refused to testify that he placed the cocaine in defendant's car. Defendant argues that Nemerow's testimony would have been helpful to the defense even if it was unfavorable because he could have been impeached with his statement. However, Nemerow's statement was not part of the record on appeal, and trial counsel's failure to present the document at the trial was not one of trial counsel's alleged omissions which this court reviewed or directed the trial court to consider on remand. Therefore, Nemerow's statement was not available to the trial court when it ruled that trial counsel's failure to call Nemerow was trial strategy.

In order to establish ineffective assistance of counsel, defendant must show that his counsel's conduct fell below an objective standard of reasonableness and counsel's erroneous conduct was prejudicial to the defense. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) It is not enough for defendant to show that counsel's errors had some effect on the outcome of the trial. In order to meet the two-part test of *Strickland*, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. (*People v. Thurman* (1988), 169 Ill. App. 3d 996, 1004, 523 N.E.2d 1184.) "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal

proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 80 L. Ed. 2d at 696, 104 S. Ct. at 2066.

■ In order to establish that trial counsel in the case *sub judice* was ineffective, defendant must prove that if trial counsel had called Nemerow to testify, the outcome of the trial would have been different. Because Nemerow's statement was never introduced into evidence and was not included in the record on appeal, the impact of Nemerow's trial testimony on the outcome of the trial must be considered without this document. Therefore, even if Nemerow had been called as a witness, his testimony would not have altered the outcome of the trial where all of the State's witnesses testified that Nemerow did not enter defendant's vehicle, cocaine was found in the steering column of defendant's car, and no drugs were found in Nemerow's van. We also conclude that trial counsel's failure to call Nemerow as a witness did not fall below the objective standard of reasonableness. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

Defendant argues that trial counsel's failure to call Nemerow after informing the jury in his opening statement that Nemerow would testify was prejudicial to defendant. However, as this court noted, while trial counsel referred to Nemerow's arrests for drug offenses, trial counsel did not inform the jury that Nemerow would testify.

Defendant cites several cases in support of his argument that trial counsel's failure to present evidence at the trial that he addressed in his opening statement was reversible error. However, in those cases trial counsel's unsupported statements were considered prejudicial to the opposing party as opposed to this case where we have reached a contrary conclusion. In *Charpentier v. City of Chicago* (1986), 150 Ill. App. 3d 988, 502 N.E.2d 385, a suit against the city for injuries due to a motor vehicle accident, the basis of the plaintiffs' case was that the accident was due to poor maintenance of the road and the presence of potholes. In his opening statement defense counsel made several comments that one of the plaintiffs had been intoxicated at the time of the accident but did not support these prejudicial remarks with evidence during the trial. In *Sawicki v. Kim* (1983), 112 Ill. App. 3d 641, 445 N.E.2d 63, plaintiff's counsel made a comment in opening statement referring to defendant's settlement offer and that it was an admission of liability. The court held that counsel's statements were prejudicial because of the inadmissibility of statements regarding offers of settlement. In *People v. Parks* (1977), 49 Ill. App. 3d 65, 363 N.E.2d 93, the State commented in opening statement that several witnesses saw defendant sell the victim's coat to someone but the witnesses were never produced at the trial. In

670

*Schwedler v. Galvan* (1977), 46 Ill. App. 3d 630, 360 N.E.2d 1324, a dramshop action based on wilful and wanton assault, plaintiff's counsel stated that a witness would testify that defendant had threatened him but did not produce the witness. The court held that counsel's statement was prejudicial particularly because of the weakness of plaintiff's case. In the case *sub judice*, trial counsel's unsupported references to Nemerow's arrests for possession of cocaine did not result in prejudice to defendant and did not affect the outcome of the trial.

We, thus, conclude that the trial court's finding that trial counsel's failure to call Nemerow as a witness was trial strategy is not against the manifest weight of the evidence.

Accordingly, the order of the circuit court on remand is affirmed.

Affirmed.

EGAN, P.J., and GIANNIS, J., concur.